## Southern Dredging Co. *v.* Christie.

### Assumpsit.

(Decided May 18, 1916. 72 South. 124.)

**New Trial; Ground; Surprise.**—Where no motion for a continuance or postponement was made at the time of the giving of the evidence, a party is not entitled to new trial because taken by surprise by certain testimony.

APPEAL from Mobile Law and Equity Court.

Heard before Hon. SAFFOLD BERNEY.

Action by S. L. Christie against the Southern Dredging Company. Judgment for plaintiff and from a judgment overruling motion for new trial defendant appeals. Affirmed.

Transferred from the Court of Appeals.

R. H. & R. M. SMITH, for appellant. RICKARBY & AUSTILL, for appellee.

SOMERVILLE, J.—The appeal is from a judgment of the trial court overruling a motion for a new trial. The motion was based upon the grounds: (1) That the verdict of the jury was contrary to the evidence; and (2) that defendant was taken by surprise by the testimony of plaintiff with respect to the manner and circumstances of plaintiff's execution of a receipt purporting to be in full of the claim now sued on.

[Finney v. Studebaker Corporation of America.]

We have examined the evidence with very great care, and if we could assume the equal credibility of the leading witnesses, we might not hesitate to hold that plaintiff's right to recover was not satisfactorily established—this in view of the unsatisfactory character of his explanation of the settlement he made with defendant for the use of the barge for the day and a half it was actually used by defendant.

But the error of the jury, if error, is not so clear that we would be justified in setting aside their verdict, especially when the trial judge, who also saw and heard the witnesses, has refused to do so.

With respect to the other grounds of the motion, it will suffice to say that: "Defendant having failed to move a continuance or postponement, and proceeded voluntarily with the trial, he was in no position, after the case was decided against him, to ask for a new trial on the ground of such alleged surprise. Having speculated upon the chances of a favorable result upon the evidence then before the court, and lost, he cannot now demand another trial that he may introduce other evidence not available to him on the first trial."—*Simpson v. Golden*, 114 Ala. 336, 21 South. 990; *Hoskins v. Hight,* 95 Ala. 284, 11 South. 253.

It results that the judgment of the city court must be affirmed.

Affirmed.

ANDERSON, C. J., and MAYFIELD and THOMAS, JJ., concur.