(81 South. 845)

WORTHY et al. v. MORRISON. (7 Div. 507.)

(Court of Appeals of Alabama. May 13, 1919.)

1. APPEAL AND ERROR ☞882(8)—INVITED ERROR—INQUIRY AS TO EVIDENCE.

A defendant, in an action on a note, who inquired about a mortgage executed by his codefendant to him, thereby inviting inquiry as to it, could not complain of its introduction in evidence by plaintiff, though it was immaterial.

2. NEW TRIAL ☞97—SURPRISE BY EVIDENCE —FAILURE TO MOVE FOR CONTINUANCE.

A defendant is not entitled to a new trial because taken by surprise by certain testimony, where he made no motion for continuance or postponement of the trial.

3. NEW TRIAL ☞96—SURPRISE BY TESTIMONY — ABSENCE OF SHOWING OF DILIGENCE.

A defendant is not entitled to new trial because taken by surprise by certain testimony, in the absence of anything to show that he could not have learned of the testimony by using proper diligence before trial.

Appeal from Circuit Court, Clay County; A. H. Alston, Judge.

Action by G. A. Morrison against A. W. and W. A. Worthy. From judgment for plaintiff, defendants appeal. Affirmed.

Cornelius & Lackey, of Ashland, for appellants.

Garrison & Allen, of Ashland, for appellee.

BRICKEN, J. This was a suit by the appellee against the appellants upon a promissory note. The defendant A. W. Worthy interposed no defense. The defendant W. A. Worthy filed the plea of general issue and two special pleas setting up that the note was not signed by him, but that he authorized A. W. Worthy to sign his name upon certain conditions which were not complied with. Issue was joined upon those pleas of the defendant W. A. Worthy. There was evidence tending to prove the special pleas and evidence contradicting the truth of same. There was a verdict in favor of the plaintiff against both defendants, and judgment was rendered against both. In this court W. A. Worthy separately assigns error.

[1] On the trial of this case, over the objection of the defendant, a mortgage which had been executed by A. W. Worthy to W. A. Worthy was offered in evidence. We cannot see how this mortgage was material to any of the issues in this case. However, its admission did not operate as such injury to the defendant as will cause a reversal of this case. Furthermore, the record shows that "defendant's counsel here presented to the witness (W. A. Worthy) a note and mortgage purporting to be signed by A. W. Worthy, payable to witness," etc. The defendant having thus inquired about the mortgage, thereby inviting inquiry as to the mortgage, he could not complain of its introduction in evidence.

[2, 3] There was no error in overruling the motion for a new trial. If the defendant was taken by surprise by the evidence offered upon the trial, he should have moved for a continuance, and not have speculated upon his chances upon the evidence that was before the jury. Again, there is nothing to show that this defendant could not have learned of the testimony by using proper diligence before the time of the trial.

"Defendant is not entitled to a new trial because taken by surprise by certain testimony, where he made no motion for a continuance or postponement at the trial." Southern Dredging Co. v. Christie, 196 Ala. 421, 72 South. 124; Fries v. Acme Co., 201 Ala. 613, 79 South. 45.

There being no error in the record, the judgment of the circuit court is affirmed.

Affirmed.

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes