225 So.2d 859

John T. ROUNTREE

v.

JEFFERSON MORTGAGE CO., Inc., a Corp.

1 Div. 509.

Supreme Court of Alabama.

July 17, 1969.

C. LeNoir Thompson, Bay Minette, for appellant.

Chason, Stone & Chason, Bay Minette, for appellee.

SIMPSON, Justice.

The appellant (plaintiff below) brought suit in the Circuit Court against appellee on the common counts for work and labor done and on account. The defendant below filed a plea of the general issue and a special plea alleging the existence of a special or express contract which had not been performed by the plaintiff. Issue was joined on this plea.

The case was tried to a jury which returned a verdict in favor of plaintiff, appellant here, in the amount of $4,200. After filing a motion for a new trial which was denied, the plaintiff brought the case here, appealing from the final judgment.

Appellant has assigned 13 grounds of error, which fall into four categories:

1. That the judgment of the court and verdict of the jury are contrary to the law and evidence in the case.

2. That the court erred in its oral charge in various particulars.

3. That the court erred in refusing three charges requested by the plaintiff.

4. That the court erred in not setting aside the judgment and granting a new trial on the ground that the damages awarded are inadequate.

Not all of the assignments are sufficiently argued to merit consideration; however, we will consider the foregoing categories.

We have carefully read the evidence taken in this case, and deduce the following:

The appellant is a contractor. So is the appellee. The appellee was the prime contractor on the Bay Minette Housing project. The plaintiff-appellant went to the offices of the defendant-appellee for the purpose of submitting a bid as a subcontractor on this project. While at the offices of the appellee, the plaintiff was given what was described as a partial list of the items upon which he was to bid.

He was told that the work involved was that set out in the plans and specifications for the job prepared by an architectural firm. He was told where copies of the plans and specifications could be obtained.

Thereafter the appellant submitted a bid totaling $22,233.00 and entered into a contract with appellee to do the work. The plaintiff introduced the contract which provided in part as follows:

"The work included in this subcontract is: According to the plans and specifications including the General and Special Conditions done by Dietz, Prince and Fischrupp, Architects, in the Title Book Form of Low Rent Housing Project Ala. 1A and 1B, Bay Minette, Alabama, with addendums 1 and 2. This work to include everything required under Division Number 21 and 23.

"Also all storm Drainage Pipe, Catch Basins, Grates and all other Sub Surface Drainage is included herein in a workmanlike manner including Trenching and Back Filling of that portion that needs to be excavated where the pipe needs to be installed.

"All work to be done as set forth in Division 2, paragraphs 8A, C, D, E, and 9 D."

The plaintiff sued the defendant for $14,093.53, contending that the total value of the work performed by him was $36,536.20, and that he had been paid $22,442.67.

The basis of the appellant's contention below was that he had done work over and above that upon which he had bid. However, he admitted that although he read the contract he signed with appellee, he had never looked at the plans and specifications, basing his bid, apparently, on the partial list of items included in the work to be done given to him by an officer of appellee. The appellant made this contention even though he testified that he did know that the contract he signed referred to the plans and specifications and that they were a part of the "whole deal".

The appellee put on evidence, which was undisputed, that the appellant had not completely fulfilled his obligations under the contract, but that the balance due him under the contract, not considering any specific amount for the incomplete part, was $4,273.73. The jury as noted returned a verdict in plaintiff's favor in the amount of $4,200.00.

With this evidence in the case, we cannot agree with the appellant's contention that the judgment and verdict are contrary to the evidence in the case. We have so often stated that verdicts are presumed to be correct, and that the trial court's denial of a motion for new trial on this ground strengthens this presumption, that nothing further need be said with respect to these contentions of appellant See Ala.Dig., Appeal & Error, ⌖ No. 263(1).

Next is the contention of appellant that the court erred in refusing the following written requested charges of plaintiff:

"The Court charges the jury that the general rule is, where there is an express contract, the plaintiff can not resort to an implied contract. However, an exception to that rule is that the plaintiff may recover on the common counts as in the instant case, although the evidence discloses a special agreement where such agreement has been executed and fully performed, and no duty remains, but the payment of the price in money by the defendant.

"The Court charges the jury that it is the settled law of this State that where one knowingly accepts services rendered by another and gets the benefit and result thereof, the law implies a promise on the part of one accepting with knowledge the services rendered by another to pay the reasonable value of such service rendered.

"The Court charges the jury that the oral change of the alleged contract affects not only the quantity of work to be performed but amount of materials to be furnished and thus changed, it is clear the workman was not bound to sue on the contract, but might resort to a suit based on work and labor."

■ Aside from the fact that these charges are otherwise objectionable, there was no error in refusing them in that the court's oral charge covered what plaintiff was attempting to have the jury told.

■ The last argument made is that the amount of the verdict is inadequate. In this appellant must fail. The jury believed the defendant's version of this case—that the work to be done was that set out in the plans and specifications, and as embodied in the written contract between these parties. The amount of the verdict is essentially that which the appellee admitted was owed under this contract. There is evidence to support such a finding by the jury and we cannot disturb it here.

Affirmed.

LIVINGSTON, C. J., and COLEMAN and BLOODWORTH, JJ., concur.