REDMANN, Judge.
The Civil District Court for the Parish of Orleans has a printed form “Jury Trial Order,” one of whose provisions is: “Each attorney must submit a list of all witnesses who will be called at the trial to testify no less than three days prior to trial. The name of any witness not appearing on the list will be prohibited from testifying.”
In this suit arising from an omnibus’s collision with a pedestrian, the bus company did not submit a list of its witnesses (two of its drivers and a passenger), although plaintiff counsel knew from a discovery deposition their identity as witnesses to the accident (although, plaintiff responds, not that they would be witnesses at trial). The trial judge, before the trial scheduled for today began, ordered that no defense witnesses would be heard. Having before us the original of the written ruling and the opposition by plaintiff, we order that the witnesses be allowed to testify.
Accepting that the rule means that the witness (rather than his “name”) may not testify, it is only a witness whose name is not “on the list” whose testimony may be excluded: an opponent who receives a list of several witnesses may be surprised by the proposal of a witness whose name did not appear on the list, as in Carver v. Cabiro, La.App. 4 Cir. 1980, 381 So.2d 969, but an opponent who receives no list of witnesses should reasonably presume that some mistake has occurred rather than that the other side intends to call no witnesses. The quoted order simply does not rule that the penalty for overlooking to submit a list is that no witnesses will be allowed to testify. We have held such a rule would be a denial of hearing and thus of due process, impermissible as a penalty for non-compliance with a pre-trial order; Jimcoily v. State, Dept. Hwys., La.App. 4 Cir. 1978, 361 So.2d 982, writ refused, La., 363 So.2d 1384.
In any case, the purpose of the rule (notwithstanding the shortness of its three-day requirement) is presumably to afford notice to the opponent (although too late), and here the opponent knew the names of the three eye-witnesses. He cannot be surprised that defendant wishes to adduce their testimony at trial. It is therefore
ORDERED that the ruling complained of be reversed and witnesses Baker, Reed, and Kennedy be allowed to testify.