This is an appeal from a judgment adverse to the plaintiff, Bishop M.H. Hughes, by the Circuit Court of Mobile County. In his appeal, plaintiff claims that the trial judge erred in not allowing him to introduce a shirt belonging to the plaintiff, and some clippings from the plaintiff's head. Plaintiff claims that the bloody shirt and hair sought to be introduced both went to the extent of the damage he suffered as a *Page 831 
result of defendant's negligence. The trial court disallowed the introduction of this evidence because plaintiff's attorney could not state to the court that this physical evidence had been timely exhibited to the other side, as provided by the court's pretrial order of October 6, 1980.
Plaintiff claimed that the defendants, among other things, negligently placed a solution on his head which caused his head to become sore, bruised and contused and caused him loss of hair.
The sole issue in this case is whether or not the trial court abused its discretion in not amending its pretrial order of October 6, 1980, to allow plaintiff to introduce into evidence a bloody shirt and hair clippings which he could not assure the court he had made available to the defendant's lawyer prior to the trial, as provided for by said pretrial order. We hold that the trial court did not abuse its discretion and affirm.
Whether a pretrial order will be amended is within the sound discretion of the trial court. Currie v. Great CentralInsurance Company, 374 So.2d 1330 (Ala. 1979). We will not interfere with that discretion unless there has been a clear abuse thereof. Westric Battery Company v. Standard ElectricCompany, 522 F.2d 986 (10th Cir. 1975); Trask v. Susskind,376 F.2d 17 (5th Cir. 1967). Here, there was no abuse of discretion, because plaintiff failed to show in what manner he was prejudiced by the trial court's disallowance of this evidence. The plaintiff, as well as his own physician, testified extensively concerning his scalp condition, which he says was caused by a solution placed on his head by the defendants. On the other hand, we can see that the introduction of the bloody shirt to the jury might indeed prejudice the defendants' case, especially when it had not had opportunity to examine the shirt and properly prepare a defense.
There being no error in the ruling of the trial court, the judgment is due to be affirmed.
AFFIRMED.
TORBERT, C.J., and FAULKNER, ALMON and EMBRY, JJ., concur.