Defendant Electrolux Motor AB (Electrolux) appeals from a judgment based on a jury verdict in favor of plaintiff William Sydney Chancellor and contends that the trial court abused its discretion, and denied Electrolux due process, by refusing to allow its expert witness and its trial representative to testify at trial. We affirm.
Chancellor was injured on January 22, 1983, when the Husqvarna chain saw he was using kicked back and rotated in hishands, striking him in the face. He purchased the chain saw from co-defendant Phillip Wayne Nixon of Wetumpka Parts Service. Electrolux had manufactured the powerhead, and it was sold to Chancellor without an optional chain brake on the powerhead. However, Chancellor testified that because of indications in the operator's manual, and because of Nixon's statement at the time of the sale that the chain saw was equipped with "all safety devices," he believed the chain saw was equipped with a chain brake. Evidence was presented at trial which indicated that had there been a chain brake on the chain saw, Chancellor's injuries would have been prevented or at least minimized.
On January 6, 1984, Chancellor filed suit in the Circuit Court of Montgomery County against numerous parties involved in the manufacture and distribution of the chain saw. Prior to trial, two of these defendants, Henley Manufacturing Company, which made the bow attachment on the chain saw, and Huskipower Outdoor Equipment Company, which sold the bow attachment and the powerhead to Nixon, entered into a pro tanto settlement with Chancellor for $7,500.
The case proceeded to trial against Nixon, d/b/a Wetumpka Parts Service, and Electrolux. After Chancellor presented his evidence, Electrolux called its expert, Mike Gililland, as the first witness for the defense. Chancellor immediately objected on the grounds that he had not received a witness list from either Electrolux or Nixon, as the trial judge had required in a pre-trial order, and had not received any other indication prior to trial that Gililland would be called as an expert witness. The trial court sustained the objection, after conducting a hearing outside the presence of the jury.
Electrolux then recalled Nixon to the stand and questioned him regarding his experience with the sales and use of chain saws similar to the one that injured Chancellor. However, the trial court sustained Chancellor's objections when Electrolux attempted to elicit expert testimony from Nixon.
Electrolux then called to the stand Larry Blamer, who had been appointed by Electrolux to represent its interests at trial. Chancellor again objected on the grounds that it had not received notice that Blamer would testify as an expert. Electrolux argued to the trial court that it had given such notice in one of its answers to Chancellor's interrogatories when it responded as follows:
 "That [at] this time we can only state that a representative of the manufacturer will be present at trial and may be called to give expert opinions about the state of the art at the time this chain saw was manufactured. If any additional experts are going to be used we will supplement the record." *Page 416 
The trial court, after reviewing the interrogatory and the answer, sustained the objection and refused to allow Blamer to testify as an expert.
Thus, Electrolux's entire defense consisted of questioning Nixon, presenting a video demonstration of a chain saw kick-back, and reading into evidence some of its answers to Chancellor's interrogatories.
When the defense rested, Chancellor moved to amend his complaint to add a count in wantonness, and to request an additional $1,000,000 in punitive damages. The trial judge allowed the amendment over defense objections, ruling that the amendment simply conformed the complaint to the proof at trial. See Rule 15, Ala.R.Civ.P.
The jury returned a verdict against only Electrolux, and awarded Chancellor compensatory damages in the amount of $40,000. However, the jury refused to assess any punitive damages against Electrolux.
 I
Electrolux contends on appeal that the trial court abused its discretion by refusing to allow Blamer and Gililland to testify, and by allowing Chancellor to amend his complaint after trial. Electrolux also contends that it was denied due process by the trial court's refusal to allow it to present its own expert to rebut the testimony of Chancellor's expert as to the defectiveness of the chain saw. We disagree and affirm.
Prior to trial, the court ordered each party to draft and exchange with the other parties a list of the witnesses it expected to call at trial. While Electrolux contends that it did draft a witness list and have it hand delivered to Chancellor, Chancellor contends that he never received the list from Electrolux. Electrolux contends, even if Chancellor did not receive its witness list, "that an opponent who receives no list of witnesses should reasonably presume that some mistake has occurred rather than that the other side intends to call no witnesses. . . ." Miller v. New Orleans Public Service, Inc.,389 So.2d 107 (La.Ct.App. 1980).
The rules regarding pretrial orders are well settled in this state. Agreements made in a pre-trial order are binding on the parties and control the subsequent course of the action. Rule 16, Ala.R.Civ.P.; Osborne Truck Lines, Inc. v. Langston,454 So.2d 1317 (Ala. 1984). Whether to amend a pre-trial order is within the sound discretion of the trial judge, and his decision will not be reversed on appeal unless there has been a clear abuse of discretion. Hughes v. Arlando's Style Shop,399 So.2d 830 (Ala. 1981). While a party does not have the right to demand the names of all witnesses his opponent will call at trial, Ex parte Dorsey Trailers, 397 So.2d 98 (Ala. 1981), Rule 26 (b)(4), Ala.R.Civ.P., requires a party to divulge the identity of any experts he expects to call if requested to do so through discovery. Because the purpose of pre-trial orders is to simplify the issues for the actual trial, see Rule 16, the trial court may require the parties to reveal the names of expert witnesses they expect to call, and, unless it would be manifestly unjust, the parties are bound by the provisions of the pre-trial order.
A situation similar to the one here was presented in Deaton,Inc. v. Burroughs, 456 So.2d 771 (Ala. 1984). There, the driver of a flat-bed tractor-trailer truck for Schuler Industries was killed when the cab of his truck was impaled on steel beams being transported on a flat-bed tractor-trailer truck owned by Deaton, Inc. The widow of the decedent brought suit against Deaton and the driver of its truck. Prior to trial, Deaton failed to answer certain interrogatories propounded by the plaintiff requesting the identities of any expert witnesses Deaton expected to call, even though the trial court had ordered Deaton to respond.
At trial, Deaton called its expert, and the court sustained the plaintiff's objection on the grounds that Deaton had not answered the interrogatory. Deaton argued that three months before trial, its counsel had informed the plaintiffs of the identity of the expert witness it would call. Plaintiff's counsel, however, stated that he had no *Page 417 
recollection of this disclosure. On appeal, this Court held that the trial judge did not abuse his discretion by limiting the testimony of the expert to the areas to which plaintiff was willing to allow him to testify.
Another case, Hughes v. Arlando's Style Shop, supra, dealt specifically with the failure of a party to comply with a pre-trial order. The trial court refused to allow the plaintiff to introduce a bloody shirt and hair clippings into evidence because the plaintiff could not prove that the evidence had been timely presented to the defendant for inspection, as the pre-trial order required. This Court refused to find that the trial court had abused its discretion, because the plaintiff did not show how he had been prejudiced by the trial court's ruling.
In its brief, Electrolux contends that Chancellor cannot claim that he was surprised that Gililland was called as an expert witness because Gililland was listed on the witness lists of two other defendants in this case. Electrolux claims that because of this, Chancellor, for some five months prior to trial, had notice that Gililland would be called, and still failed to take his deposition. In another setting, that argument might have some appeal, but here, that argument ignores the fact that the trial judge could have concluded that Chancellor did not expect Electrolux to call Gililland, because Chancellor had entered into a pro tanto settlement with the defendants who had listed Gililland as an expert witness. Consequently, the trial judge was authorized to conclude that Chancellor had no knowledge or expectation that Gililland would be called to testify by any other party. We find, therefore, that there was sufficient evidence to support the trial court's finding that Chancellor was surprised when Gililland was called, and we find that the trial court did not abuse its discretion in refusing to allow Gililland to testify.
 II
Electrolux also contends that the trial court abused its discretion by refusing to allow Blamer to testify. Again, we disagree. In an interrogatory, Chancellor requested the namesand expected testimony of each expert that Electrolux anticipated calling at trial. As noted, Electrolux answered only that it would probably have a factory representative present to testify as to the state of the art existing at the time the chain saw that injured Chancellor was manufactured; however, Electrolux did not state the name of therepresentative.
Admittedly, this is a very close question; however, we are persuaded that the trial court did not err by refusing to allow Blamer to testify. The Rules of Civil Procedure place upon the party calling an expert witness the burden of informing other parties of the witness's identity. In this case, the pre-trial order was not followed.
Rule 26 (e)(1)(B), Ala.R.Civ.P., states that a party who has responded to a request for discovery is under no duty to supplement his answer, except in certain enumerated situations. One of these situations is when the interrogatory requests the identity of expert witnesses and their expected testimony.
Thus, in this case, the Rules of Civil Procedure placed upon Electrolux the burden of supplementing its answer when it decided who it would use as an expert witness at trial, rather than requiring that Chancellor again request the name of the expert witness from Electrolux.
In two similar cases, Mitchell v. Moore, 406 So.2d 347 (Ala. 1981), and Erwin v. Sanders, 294 Ala. 649, 320 So.2d 662
(1975), this Court held that the trial court did not abuse its discretion when it allowed witnesses to testify, even though the party answering the interrogatories did not list the experts as witnesses and did not supplement its answer; however, both of these cases are distinguishable from the present case, because in each case the party seeking to have the witness excluded had, prior to trial, received notice of the opponent's planned use of the witness. In Mitchell, the party objecting to the witness's testimony had received the name of the witness *Page 418 
in a deposition, and, thus, the Court held that the party should have been aware that she would be called as a witness. In Erwin, the plaintiff was informed while taking a deposition that the defendant would call an expert and at the call of the docket was told the identity of the defendant's expert witness, yet the plaintiff waited two days to object, and failed to depose the witness or request time to do so. Here, Chancellor did not receive notice that Electrolux would call Blamer until after the trial had begun. Therefore, there was evidence to support the trial court's ruling that Blamer could not testify. We hold, therefore, that the trial court did not abuse its discretion in this regard.
 III
Electrolux does not specifically claim that the trial court erred in allowing Chancellor to amend his complaint, but it argues that allowing him to do so is evidence that Electrolux was denied due process during the trial of the case. We disagree. Electrolux failed to demonstrate how it was prejudiced by the trial court's order, because the jury, while it found against Electrolux, did not assess punitive damages. Rather, it assessed only compensatory damages; therefore, even if it was error for the trial court to allow Chancellor to amend his complaint, which we need not decide, the error would have been harmless error, because Electrolux failed to show how it was prejudiced by the trial court's ruling. Electrolux contends that it was effectively prevented from defending itself in the action.
"Due process" does, of course, contemplate that a party be allowed the right to present his defense. See, American SuretyCo. v. Baldwin, 287 U.S. 156, 53 S.Ct. 98, 77 L.Ed. 231 (1932). Here, however, the action taken by the trial court was caused by the failure of Electrolux to comply with one of its pre-trial orders; consequently, we hold that the court did not deprive it of that fundamental fairness to which it was entitled. The Rules of Civil procedure were adopted to insure the just, speedy, and inexpensive determination of every action on its merits. Rule 1, Ala.R.Civ.P. Rule 16 is uniquely applicable to the accomplishment of this stated purpose, and Electrolux was responsible for complying with the order entered by the trial judge in accordance with this Rule; therefore, we find that the trial judge did not deprive Electrolux of any right to present its defense. Consequently, the judgment of the trial court is due to be affirmed.
AFFIRMED.
TORBERT, C.J., and JONES, SHORES and ADAMS, JJ., concur.