WRIGHT, Presiding Judge.
This case arose out of the collision of two motor vehicles. The plaintiff, Berry, brought an action for negligence in the small claims court of Geneva County, seeking from the defendant, Monaghan, damages in the amount of $350. Monaghan answered and filed a counterclaim seeking damages. The small claims court entered judgment against Monaghan on the counterclaim and for Berry on his claim in the amount of $372. Monaghan filed an appeal in the circuit court. After an ore tenus hearing, the circuit court denied recovery on Monaghan’s counterclaim and entered judgment for Berry on his claim in the amount of $325 plus court costs. Mona-ghan’s motion for a new trial was denied. He appeals.
Monaghan’s first argument for reversal is that the trial court’s judgment is against the great weight of the evidence and contrary to the preponderance of the evidence.
The testimony revealed that the accident occurred on June 14,1983. It took place on a dirt road in Geneva at a point where the road curves. The testimony surrounding the circumstances of the accident was in sharp conflict.
From the testimony, it is impossible for this court to know whose version of the facts is closer to the truth. There is a presumption that the trier of fact is in a better position to judge the credibility of witnesses and to make determinations of fact on conflicting testimony than is an appellate court. When a case has been presented ore tenus, the trial court’s findings are supported by a presumption of correctness and will not be disturbed on appeal unless plainly or manifestly unjust. Ikner v. Miller, 477 So.2d 387 (Ala.1985). Where there is credible evidence in the record to support the trial court’s findings, we will not reverse its judgment. Id.
Monaghan next argues that the judgment should be reversed because it is founded upon untrue and fraudulent evidence and testimony. This contention is based upon his assertion that photographs introduced at trial were not taken at the scene. He contends that the truck pictured is not his truck.
The trial judge, according to appellant’s brief, held a hearing on the motion for new trial. At that hearing he had an opportunity to examine the photos and also heard oral testimony concerning the allegation of fraud. No record of this testimony was made. The photographs are not part of the record on appeal. We must presume that the testimony, of which we have no record, fully supported the trial judge’s denial of the motion. See Jones v. Jones, 464 So.2d 125 (Ala.Civ.App.1985); Roberts v. Roberts, 424 So.2d 644 (Ala.Civ.App.1982).
In his final argument, Monaghan asserts that he was unaware of the existence of the photographs that were admitted into evidence until they were first introduced at the circuit court hearing. He submits that the evidence must have been “secreted” from him, denying him due process.
We reject appellant’s argument. The record is void of any pre-trial discovery *1129 request for the photographs. There is no rule of law which requires, under the circumstances of this case, that a plaintiff voluntarily deliver evidence to the defendant when it has not been requested. It is well settled that a defendant is not entitled to a new trial because he is taken by surprise by evidence, in the absence of showing that he could not have learned of the evidence by using proper diligence before trial. Worthy v. Morrison, 17 Ala.App. 67, 81 So. 845 (1919).
Finding no error, the judgment is affirmed.
AFFIRMED.
BRADLEY and HOLMES, JJ., concur.