STEAGALL, Justice.
This appeal arises from the trial court’s denial of a new trial to Alabama Power Company (“Alabama Power”) after a jury verdict determining the compensation due property owners following the condemnation of certain real property.
On May 10, 1985, Alabama Power filed an application for condemnation of certain real property, in the Mobile County Probate Court. The land to be condemned was owned, in part, by the following persons: Wade D. Lott; Nancy K.S. Lott; Agnes Lott Speas; Virginia McWherter Lott; William B. Lott, Jr.; Eydie Lott; Virginia Lott Pettey; Stephen Blacksher Pettey, by and through his guardian, James E. Hasser, Jr.; and David B. Unger, as guardian for Elisabeth Lott Unger (hereinafter collectively referred to as “the Lotts”). Following the appointment of commissioners, the Lotts’ property was appraised, and on August 29, 1985, the probate court ordered that the commissioners’ report awarding the Lotts’ $190,000 in compensation be filed and recorded, and the court then granted Alabama Power’s application for condemnation.
On September 9,1985, the Lotts appealed to the Mobile County Circuit Court the probate court’s order awarding compensation. On October 4, 1985, the trial court entered a pre-trial order, which provided, among other things, that each party make all exhibits expected to be used available to the other parties within a reasonable time prior to the trial for inspection and copying, and that exhibits not timely exhibited to other parties prior to trial under this order could not be offered in evidence; that unless previously obtained by discovery, each party furnish to all other parties the names, addresses, and qualifications of all expert witnesses expected to testify, together with a brief summary of their opinions and the bases for such opinions, within a reasonable time after determining who was to testify, so that the other parties might make written objections; and that all parties supplement their discovery responses as provided by Rule 26(e)(3), A.R.Civ.P.
On that same day, the Lotts requested, within their first set of interrogatories and request for documents under Rules 33 and 34, A.R.Civ.P., the names, addresses and qualifications of each expert witness expected to be called to testify and a summary of each one’s expected testimony. Following Alabama Power’s answers to the Lotts’ interrogatories and request for documents and an amendment dated November 26, 1986, Alabama Power named Larson Edge and Joe Courtney as expert witnesses expected to be called to testify. On May 11, 1988, Alabama Power filed a further amended answer, therein naming James Weninegar, Jr., and Mac Clark as two additional expert witnesses expected to testify. Neither the addresses nor the qualifications of either witness were included within this amended answer. On May 13 and 17, 1988, the Lotts filed objections to the testimony of these witnesses, as well as to any exhibits or evidence in connection with the testimony of these witnesses. Additionally, on May 17, the Lotts filed a motion in limine seeking to prohibit the testimony and admission into evidence in connection with such testimony.
The trial commenced on May 18, 1988; expert testimony on behalf of Alabama Power was heard from Weninegar and Edge; the testimony and exhibits of Clark were excluded. The jury returned a verdict awarding $450,000 in compensation in favor of the Lotts. This judgment was amended to include prejudgment interest on the jury verdict in the sum of $93,600, plus all interest earned on funds on deposit in the court in this case, for a total of *862 $543,600, together with all interest earned on these funds heretofore deposited at interest in this case. On June 17, 1988, Alabama Power filed a motion for new trial, arguing that the verdict was contrary to the great weight of the evidence and was contrary to law, and that the court committed error by refusing to allow Clark to testify. Alabama Power now appeals from the judgment based upon that jury verdict and the trial court’s order denying its motion for new trial.
With regard to Alabama Power’s appeal from the judgment based upon a jury verdict, we note that this Court has previously stated:
“A jury verdict is presumed to be correct and will not be reversed unless the preponderance of the evidence against the verdict is so decided as to clearly convince this Court that it is wrong and unjust.”
Lynn Strickland Sales & Service, Inc. v. Aero-Lane Fabricators, Inc., 510 So.2d 142, 144 (Ala.1987) (citations omitted).
Furthermore, it is well established that “[gjranting or refusing a motion for new trial rests within the sound discretion of the trial court; the exercise of that discretion carries with it a presumption of correctness which will not be disturbed by this Court unless some legal right was abused and the record plainly and palpably shows the trial court was in error.” Hill v. Cherry, 379 So.2d 590, 592 (Ala.1980). The record in this ease does not show that the trial court was plainly and palpably in error or that a legal right was abused in refusing Alabama Power’s motion for new trial.
The remaining issue on appeal is whether the trial court abused its discretion in refusing to allow the testimony and exhibits of Alabama Power’s expert witness Clark.
“The refusal to permit expert witnesses to testify because of a party’s failure to comply with the pre-trial order is clearly a matter of discretion, not subject to reversal. Electrolux Motor AB v. Chancellor, 486 So.2d 414 (Ala.1986).”
Super Valu Stores, Inc. v. Peterson, 506 So.2d 317, 338 (Ala.1987). In this particular ease, we cannot say that the trial court abused its discretion in refusing to allow the expert testimony of Clark.
Under these facts and circumstances, we find that the evidence clearly supports the verdict and we conclude that the trial court did not abuse its discretion either in precluding the admission of Clark’s testimony and the exhibits in regard to his testimony or in denying Alabama Power’s motion for new trial. The trial court’s judgment is hereby affirmed.
AFFIRMED.
HORNSBY, C.J., and MADDOX, ALMON and ADAMS, JJ., concur.