Cone Builders, Inc., appeals from a judgment entered on a jury verdict assessing damages of $33,268.99 for Gary and Linda Kulesus on their claims of breach of contract and breach of warranty in a building contract case. We affirm.
The facts relevant to this appeal are as follows:
On June 10, 1986, the Kulesuses entered into a contract with Cone Builders. Cone Builders agreed to build a house in Daphne, Alabama, according to plans and specifications drawn up by the Kulesuses, and to supply all the necessary labor and material for the construction of the house, for $76,500.
In February 1987, the area received a large amount of rain. The house was one-third complete, and as a result of the rain, the plasterboard, rafters, and plywood used in the construction of the house were substantially damaged. A large portion of the flooring in the house was also damaged, as were the insulation and the heating and air conditioning systems. Gary Kulesus reported the damage to Edward Earl Cone, Sr., an officer and director of the corporation, who assured him that the house would be "as good [as] or better than it was before."
Cone Builders attempted the necessary repairs and completed the construction of the house. Prior to the closing on the house, the Kulesuses pointed out continuous problems to Edward Earl Cone, Sr., and expressed their dissatisfaction with the progress of the construction.
On March 27, 1987, the closing took place. As provided by the terms of the contract, Gary and Linda Kulesus inspected the completed house, and they then moved in. At the closing, Cone Builders presented the Kulesuses with a written "Uniform Builders Warranty." The warranty was good for a period of one year following the date of occupancy or the closing date, whichever occurred first, and warranted against latent defects. The warranty document also set out the proper procedure for requesting the necessary repairs. The Kulesuses also pointed out additional defects to Cone Builders at the closing and later submitted several "punch lists" to Cone Builders, indicating other defects.
Although Cone Builders sent out subcontractors in response to the submitted "punch lists," the defects were not adequately corrected, according to the Kulesuses. The Kulesuses hired an appraiser to inspect their house and to prepare a report based on his inspection. Concerned about noticeable cracks in the ceiling of the master bedroom, joist problems in the kitchen and dining room that caused sags in both ceilings, and foundation cracks evident in the carport, the Kulesuses hired several building inspectors and engineers to inspect the house and to determine the cause of their continuing problems. Although the problems were continuously pointed out to Cone Builders, it was unable to substantially correct the defects.
On March 23, 1988, the Kulesuses sued Cone Builders, as well as Edward Earl Cone, Sr., and Edward Earl Cone, Jr., the two officers and directors of the corporation, individually. Count one of the complaint alleged breach of contract. Count two alleged breach of the Uniform Builders Warranty, fraud, and failure to construct the house in a workmanlike manner.
Edward Earl Cone, Sr., and Edward Earl Cone, Jr., as individual defendants, were granted directed verdicts on the ground that no contract existed between them and the Kulesuses. At the close of the presentation of evidence on both sides, the court directed a verdict for Cone Builders on the Kulesuses' claim alleging breach of the Uniform Builders Warranty. The court denied Cone Builders' motion for a directed verdict as to the other claims. On March 28, 1990, the case went to the jury on the issues of breach of contract and breach of implied warranty. The jury returned a verdict in favor of the Kulesuses, assessing damages in the amount of $33,268.99. *Page 1287 
Cone Builders timely filed a motion for a judgment notwithstanding the verdict, or, in the alternative, for a new trial, both of which were denied. On July 10, 1990, Cone Builders filed its notice of appeal.
In the "statement of issues" section of its brief, Cone Builders raises the following issues: (1) whether the trial court abused its discretion by permitting Gary and Linda Kulesus to present evidence in the form of photographs and testimony that, Cone Builders argues, had been concealed from it during the discovery; (2) whether the trial court erroneously denied its motion for a directed verdict; (3) whether the trial court erroneously refused to give Cone Builders' requested jury instructions; and (4) whether the trial court erroneously omitted to swear in the jury.
In addition to these issues, Cone Builders raises many other issues concerning discovery. In the interest of clarity, they have been consolidated for discussion here.
Cone Builders contends, with respect to discovery, that the trial court abused its discretion when it permitted the Kulesuses to present evidence that, it says, had been concealed from it during the discovery process. And, further, it contends that the Kulesuses, in every aspect, "stonewalled" and hindered its attempts to pursue legitimate discovery. Specifically, Cone Builders points out that during the discovery process, which occurred over a two-year period, it attempted to obtain answers to the Kulesuses' claims, and received what it calls untimely, conclusory, and fairly insubstantial answers. Cone Builders maintains that by their actions, the Kulesuses deliberately concealed information that would later be pertinent at trial.
Cone Builders, on October 12, 1988, filed a timely "Request for Entry Upon Land," but, because of the Kulesuses' failure to allow the on-site inspection, it was forced to move for an order compelling discovery. This order was granted on March 28, 1989, over the Kulesuses' objection. While Cone Builders insists that the refusal of the Kulesuses to allow the on-site inspection greatly harmed its discovery pursuit, there is ample evidence that the trial court took note of this attempted interference by the Kulesuses, properly compelled them to allow an on-site inspection of the house, and determined that no harm was done to Cone Builders by this delay in inspection. In discovery matters such as this, the trial judge is in a better position to assess harm than this Court is.
Cone Builders further argues that the Kulesuses failed to timely answer interrogatories and that they provided answers that were largely unresponsive. Cone Builders also asserts that the deposition of Gary Kulesus was unsatisfactory because it incorporated the "punch lists" previously received by Cone Builders and failed to specifically list any defects in the construction.
In Deaton, Inc. v. Burroughs, 456 So.2d 771 (Ala. 1984), a party had filed interrogatories requesting that the defendants provide the names of expert witnesses to be called at trial. Seven months later, a response was submitted that indicated that one nonmoving party did not know whether an expert would be called; no supplement to this response was filed. The other nonmoving party did not provide an answer to the interrogatories, despite an order compelling a response. The trial court responded to the party's failure to comply with the order by providing for a partial exclusion of the expert's testimony. This Court stated that the choice of sanctions to be imposed was largely within the discretion of the trial court and that this choice would not be disturbed on appeal absent a gross abuse of discretion. Id. at 778; Tucker v. Tucker,416 So.2d 1053 (Ala.Civ.App. 1982).
Rule 37(b)(2)(B) A.R.Civ.P., reads, in pertinent part:
 "(b)(2) Sanctions by Court in Which Action is Pending. If a party . . . fails to obey an order to provide or permit discovery, including an order made under subdivision (a) of this rule . . . the court in which the action is pending may make such orders in regard to the failure as are just . . . (including the following):
". . . . *Page 1288 
 "(B) An order refusing to allow the disobedient party to support or oppose designated claims or defenses, or prohibiting him from introducing designated matters in evidence. . . ."
In the present case, after the Kulesuses' failure to provide answers to the interrogatories, the trial court entered an order compelling compliance by the Kulesuses. There is no indication that the trial judge's decision to compel compliance as a form of sanctions constituted an abuse of discretion.
Cone Builders further argues that the trial court erred by allowing evidence to be admitted at trial that was specifically prohibited by the motion in limine granted to Cone Builders. The purpose of the motion was to limit the scope of the evidentiary matters to be presented by the Kulesuses at trial. More specifically, the motion prohibited the introduction of evidence of "(a) any expert testimony or opinion regarding perceived defects in construction; (b) any defects perceived by the plaintiffs which were not specifically discussed in the deposition of Gary Kulesus; and (c) any testimony from any non-expert or lay witness regarding factual matters pertinent to the action." Cone Builders argues that despite the trial court's issuance of the motion in limine, which provided for the exclusion of certain evidence, it permitted the introduction of evidence that was the subject matter of the motion, specifically testimony and photographs regarding alleged defects that, it contends, had been concealed from it during discovery. We do not agree with Cone Builders that this indicated an abuse of discretion by the trial court.
No rule prevents the trial judge from amending a pretrial order. Whether to amend such an order is within the sound discretion of the trial court. Hughes v. Arlando's Style Shop,399 So.2d 830 (Ala. 1981); Currie v. Great Central InsuranceCo., 374 So.2d 1330 (Ala. 1979). We will not interfere with the exercise of that discretion unless there has been a clear abuse of discretion. Arlando's Style Shop, at 831. Cone Builders' allegation of abuse of discretion is unfounded in that it failed to demonstrate any prejudice resulting from the introduction of the evidence.
Cone Builders next argues that the allegations pertaining to defects in the foundation of the house, as well as the allegation of insufficient thickness of the foundation, were not disclosed during the discovery process, but were introduced at trial and constituted a surprise. The trial judge, however, over Cone Builders' objection, ruled that the foundation problems were a part of the original complaint. Additionally, Cone Builders argues that it was not notified during discovery that the flooring or plywood in the house was defective. The record indicates that Cone Builders received notification of the allegedly defective flooring and plywood prior to the trial, through an affidavit filed in response to Cone Builders' motion for summary judgment.
Cone Builders also contends that the trial court admitted photographs that were not related to the issues framed by the pleadings or revealed in the discovery process. However, the record indicates that no request for photographs was made by the defendants during the discovery period, and that the photographs did relate to the issues in the case. InMonaghan v. Berry, 495 So.2d 1127, 1129 (Ala.Civ.App. 1986), the Court of Civil Appeals held:
 "There is no rule of law which requires, under the circumstances of this case, that a plaintiff voluntarily deliver evidence to the defendant when it has not been requested. It is well settled that a defendant is not entitled to a new trial because he is taken by surprise by evidence, in the absence of showing that he could not have learned of the evidence by using proper diligence before trial. Worthy v. Morrison, 17 Ala. App. 67, 81 So. 845 (1919)."
Cone Builders also argues that the trial court erred in allowing the deposition testimony of Edmund deCelle, a deceased building appraiser, to be admitted at trial. Cone Builders contends that at the time of his deposition, Mr. Kulesus admitted no opinion as to the value of the residence, as *Page 1289 
constructed. It further asserts that the Kulesuses' answer mentioned Henry Seawell, an engineer who inspected the Kulesuses' house, and Charles J. Woodson, a licensed general building contractor, but failed to mention an appraisal by Edmund deCelle. A review of the record indicates, however, that Cone Builders did receive notice of the appraisal of the house by Edmund deCelle in a report prepared by Mr. deCelle.
The final argument Cone Builders raises with respect to discovery is that the trial court allowed the introduction of expert testimony that was not disclosed during the discovery process. The trial judge pointed out that the pre-trial affidavit of Gary Kulesus, as well as the complaint, fully informed Cone Builders of the defects that the expert testified about. The record also indicates that Woodson, as well as the other experts, was deposed by Cone Builders prior to the trial. While the deposition of Woodson was not available to this Court, the record does indicate that Cone Builders failed to fully question Mr. Woodson during the deposition as to the problems that he testified to at trial. Additionally, counsel for the Kulesuses mailed Cone Builders' counsel a letter informing him of a change in Woodson's testimony as to the alleged defects.
While Cone Builders insists that this letter was misleading, it admits that it had time to re-depose Woodson and to ascertain the full nature of the changes in his testimony. This admission indicates a failure by Cone Builders to adequately use the discovery process, not an error by the trial judge, nor an improper action on the part of the Kulesuses. Cone Builders asks this Court to reverse the decision of the trial court, alleging reversible error on the part of the trial court in allowing an "unequivocal trial by ambush" to occur. We disagree with its allegations. Undeniably, the purpose of the discovery process is to avoid unfair surprise at the trial; however, a party cannot ask for permission to undo damage that has been caused by its failure to adequately use the discovery process.
Although Cone Builders has cited a number of alleged errors in the trial court's response to the discovery process, the record does not support any allegations of abuse by the trial judge. It is clear from the record that Cone Builders was able to obtain the necessary information during the discovery process, and that it was not prejudiced at trial by any admitted evidence.
The next issue raised by Cone Builders is whether the trial court erred when it failed to grant a directed verdict. Cone Builders argues that the evidence indicated undisputedly that the Kulesuses failed to put Cone Builders on notice of the breach and that they frustrated Cone Builders' performance of the contract. This contention is not supported by the evidence. A review of the record confirms that Cone Builders was adequately informed of its lack of performance of the contract and that it was given many opportunities to correct these failures and that it did not fully do so.
Cone Builders contends that there is no dispute as to whether the Kulesuses fully notified it of the alleged defects in the construction. While Cone Builders maintains that it was not notified, the testimony of Gary Kulesus indicates otherwise:
 "Q. When did you say that these defects first started appearing, Mr. Kulesus?
 "A. Some of them were appearing within the first month [after closing].
"Q. And you complained?
"A. Yes, I did.
 "Q. And you provided a list of complaints that you had to Cone Builders?
"A. Yes.
"Q. And have they been corrected?
"A. No, they haven't."
Additionally, the evidence fails to support Cone Builders' contention that there is no dispute as to whether the Kulesuses frustrated the performance of Cone Builders. Evidence presented at trial tends to show that the Kulesuses provided Cone Builders with a new "punch list" after each attempted correction. Moreover, there is *Page 1290 
no rule of law that requires a party to allow the performing party an unlimited opportunity to correct defects.
The movant seeking a directed verdict must demonstrate that there is no genuine issue of material fact and that he is entitled to a judgment as a matter of law. Brazzel v. PinePlaza Joint Venture, 491 So.2d 910 (Ala. 1986). See also Rule 50(e), A.R.Civ.P. Cone Builders has failed to prove that it was wrongfully denied a directed verdict, because we conclude that there were genuine issues of material fact in dispute.
Further review of the record indicates that Cone Builders' initial motion for a directed verdict did not properly preserve the issue of notice or of frustration of performance of the building contract. The evidence reveals that Cone Builders' motion was made in the following way:
 "I would move for a directed verdict as to each and every count in the complaint."
There is no indication of any specific request for a motion for a directed verdict as to the issue of notice or frustration of performance of the building contract.
While Cone Builders correctly moved for a directed verdict at the close of all the evidence, it failed to specifically request a directed verdict as to the notice question and the question of frustration of performance of the building contract, although it did specifically request a directed verdict on the builder's warranty claim, and the directed verdict was granted. Cone Builders' request at the close of the presentation of its evidence was as follows:
 "[W]e would move, in that event, for a directed verdict as to count one of the building contract. . . .
 "As to count two, the breach of the builder's warranty, I believe that we are entitled to a directed verdict at this point on the builder's warranty, there having been no breach of that proved, and we believe we have proved beyond any doubt that my clients were frustrated in the performance of the builder's warranty.
 ". . . [And] count four, the breach of implied warranty of habitability. . . .
 "And we would move at this point for a directed verdict as to all three counts."
(Emphasis added.) Similarly, at the close of the presentation of all evidence, Cone Builders made the following request.
 "Defendants move for a directed verdict in connection with the three remaining counts:
 building contract, for the reasons stated at the close of the Defendant's case; the builder's written uniform warranty count for the reasons stated at the close of the Defendant's case; and the implied warranty of habitability for the reasons stated at the close of the Defendant's case."
Neither motion specifically addressed the issue of notice of breach or frustration of performance of the building contract.
This Court held in Housing Authority of the City of Prichard v.Malloy, 341 So.2d 708 (Ala. 1977):
 "[A] general motion for a directed verdict, pursuant to Rule 50, can only go to the case in its entirety, and not to individual subdivisions; and, to preserve individual issues, a motion must be made for a verdict directing instruction on each of the individual issues."
Cone Builders next argues that the trial court erred in refusing to give its requested instructions to the jury. The requested instructions pertained to damages; notice; substantial performance; and the defendant's standing ready, willing, and able to complete the contract. The oral charge given to the jury indicates that the judge substantially covered Cone Builders' requested instructions pertaining to substantial performance; damages; and the defendant's standing ready, willing, and able to complete the contract. The refusal of the requested charge is not error where the court's oral charge substantially covered the same principles as the requested charge. State Farm Mutual Automobile Ins. Co. v.Humphres, 293 Ala. 413, 304 So.2d 573 (1974). See, also,Rountree v. Jefferson Mortgage Co., 284 Ala. 454, 225 So.2d 859
(1969).
The last argument made by Cone Builders is that the trial judge failed to *Page 1291 
swear in the jury. The record does not reflect whether the judge swore in the jury; however, this issue was not raised at trial by Cone Builders. It is well settled in Alabama that an issue not raised in the trial court cannot be raised for the first time on appeal. McDuffie v. Hooper, 294 Ala. 293,315 So.2d 573 (1975). Because the record fails to reflect any objections raised by Cone Builders as to this issue, no further consideration of this issue is warranted.
Based on the foregoing, the judgment of the trial court is due to be affirmed.
AFFIRMED.
HORNSBY, C.J., and ALMON, STEAGALL and INGRAM, JJ., concur.