THOMAS, Judge.
In February 2004, Norman Leon Guth-ery (“the brother”) sued his sister, Juana Jean Persall (“the sister”), seeking to have the circuit court set aside two deeds, one that had been executed in 1995 by the siblings’ parents, Woodrow Wilson Guth-ery (“Mr. Guthery”) and Vivian Guthery (“Mrs. Guthery”), and one that had been executed in 1996 by Mr. Guthery alone. The brother alleged that at the relevant times Mrs. Guthery had been mentally incompetent and Mr. Guthery had been “coerced and defrauded by the [sister] into executing the deed.” In 2007, the brother amended his complaint to name his niece, Donna Persall Garden, as an additional defendant.
The trial of the case was continued 10 times on the brother’s motions and 1 time on the sister’s motion.[1] On February 28, 2006, the circuit court entered a scheduling order requiring, among other things, that the brother identify in writing “on or before April 21, 2006, all expert witnesses to be called at trial” and that the brother make his experts available for depositions “to be taken no later than May 26, 2006.” The court’s scheduling order also provided: “This order may be amended only by subsequent Order of the Court. There will be no extension of any deadline or date established in this Order by stipulation or agreement of the parties.” Following a bench trial, the circuit court denied the relief requested by the brother and entered a judgment in favor of the sister and the niece. The brother appealed to the Alabama Supreme Court, which transferred the appeal to this court pursuant to § 12-2-7(6), Ala. Code 1975.
The brother raises one issue on appeal — that the circuit court erred by granting the sister’s motion in limine seeking to exclude the testimony of the brother’s expert witness, a handwriting analyst, who, the brother said, would testify that Mr. Guthery’s signature on the 1996 deed had been forged. The brother identified his handwriting expert to opposing counsel in late February 2007, 10 months after the deadline imposed by the circuit court’s scheduling order had passed. Shortly before the trial of the case, and over two years after the deadline for deposing experts had passed, the brother asked opposing counsel whether he wanted to depose the expert.
When the trial of the case commenced on October 7, 2008, the following colloquy between the court and counsel occurred:
“MR. MCLEROY [counsel for the sister]: Yes, sir — The only other thing I have prior to trial is a motion in limine regarding Mr. Drexler’s testimony. I think that Mr. Drexler, who is here setting up his screen display, is a handwriting analyst.
*1252 “THE COURT: Right.
“MR. MCLEROY: And my objection to that is the pleadings in this ease are— the complaint is that Mrs. Guthery signed one of — the deed that she signed under a mental incapacity and that Mr. Guthery signed both deeds under duress or under the undue influence of presumably his daughter. There is no allegation in the pleadings that either of those deeds is a forgery, and so I would ask— and we’ve got a scheduling order in this case that was entered in 2006, the pleadings cannot be amended, and I don’t want to be construed as having consented to the trial [of] issues outside the pleadings, so I would object and ask that in limine that any testimony about the genuineness or suspected lack of genuineness of the signatures of Mr. or Mrs. Guthery not be allowed.
“THE COURT: Mark?
“MR. DUTTON [counsel for the brother]: Judge, I believe that the file will reflect that I did file an amended complaint alleging forgery, I believe so, Your Honor. Also, Mr. McLeroy has known about this forgery, this alleged forgery since he got in the case. I even called him specifically and asked him did he want to—
“MR. MCLEROY: That’s true. I did know about it.
“MR. DUTTON: — did he want to take Mr. Drexler’s deposition because of the alleged forgery, and he said no. Judge, this motion is clearly without merit. Whether it’s pled or not — he’s been put on notice of it. Judge, this is — he may be setting a record or something like that, but this motion is without merit.
“MR. MCLEROY: The notice I got — I got in the case in February, Jason and I did after Mr. Culpepper withdrew because he’s going to be a witness, and I did know when I got in the case that Mr. Dutton had identified Mr. Drexler as a witness and a handwriting expert. However, under this Court’s scheduling order entered by you in February of 2006, the time to amend the pleadings had closed and the notice of Mr. Drexler came after that time, so I’m just making my motion based on the scheduling order.
“MR. DUTTON: Judge, I’m not telling you 100 percent, but I believe I saw yesterday where I had filed an amended complaint.
“THE COURT: Do you have a copy of it or is it online?
“MR. DUTTON: Judge, I think I should have a copy of it. If you can give me just a second.
“THE COURT: Take a minute and see if you’ve got it because I’m looking through the file and I don’t see anything.
“(Pause in record)
“MR. DUTTON: Judge, the original complaint states in paragraph nine: At the time of [the] aforementioned conveyance — conveyance of the aforementioned warranty deed, Mr. Woodrow Wilson Guthery was coerced and defrauded by said Juana Jean Persall. An amended complaint was filed April 2, 2007 which basically used the same wording. But, Judge, my understanding of the law is that a forgery, to forge a document is definitely to defraud someone.
“THE COURT: Do you have a copy of that amendment?
“MR. DUTTON: Yes, sir, I do.
“MR. MCLEROY: And I have not seen it.
“THE COURT: Okay. Was that in April 2007?
“MR. DUTTON: April 2007, yes, sir, Judge.
*1253 “THE COURT: Go ahead and let him look at it first.
“MR. DUTTON: Judge, actually it’s the complaint that added Ms. Garden to the lawsuit, but it does recite the wording that we had used in the initial complaint, coerced and defrauded.
“MR. MCLEROY: It looks to be verbatim to the original complaint. It changed the parties—
“MR. DUTTON: Judge, if you allege someone has defrauded someone else, which I’ll submit to the Court that includes forgery, you let them know you have a handwriting expert and you give them [the] opportunity to take that deposition and they know that’s a basis of the lawsuit, how can they come in now and claim that they’re not put on notice?
“THE COURT: Well, that’s not the test. You know, I can — if the case is tried and evidence is presented and everybody consents and there’s no objection, I can order at the close that the pleadings be amended to conform to the evidence.
“MR. DUTTON: Yes, sir.
“THE COURT: But where there is an objection up front, that you intend to pui’sue a theory or a cause of action or relief that is not pled in your complaint and they object, they say we’re not going to try that by consent and it’s not framed within the pleadings, and it’s not, what you’ve got in here basically is that, as I read the complaint, is that you contend that Mrs. Guthery was not competent, as I understand, basically that she was not competent—
“MR. DUTTON: Yes, sir.
“THE COURT: — and I suppose maybe under some undue influence and then you make an allegation that there was coercion and defrauding, and I don’t read that to mean that there was a forgery of the signature or that his signature on the deed is not genuine or authentic. That’s a different ball game.
[[Image here]]
“The motion in limine to exclude any evidence or testimony relating to forgery, lack of genuineness or authenticity of signatures on the deed, that motion is granted, and that evidence will not come in. This case is framed by the pleadings, and it’s going to be based on whether or not either one or both of the grantors were incompetent at the time or whether or not they were coerced or there was undue influence or something along those lines that was exercised.
[[Image here]]
“THE COURT: ... [I]f you want to make a proffer — I’ve already ruled, but if you want to make a proffer as to what his expected testimony or opinions would be, I’ll allow you to put that on the record.
[[Image here]]
“MR. DUTTON: .... I would proffer evidence from Steven G. Drexler of Drexler Document Laboratory, Incorporated. He reviewed various handwriting samples of Mr. Woodrow Wilson Guth-ery also known as W.W. Guthery. He did extensive forensic research, again, verified an original and copies of Mr. Woodrow Wilson Guthery’s signature provided by us. And his testimony clearly is that the deed dated August 5, 1996, executed by Mr. W.W. Guthery, the basis of this case, to Jean Persall and Donna Garden is a forgery, and we would — in support of our proffer, I would just offer [the two deeds].”
As the foregoing colloquy demonstrates, counsel for the sister based his motion in limine primarily on the proposition that the brother’s noncompliance with the circuit court’s scheduling order precluded the brother’s expert from testifying at trial, *1254 whereas the circuit court based its ruling on the proposition that forgery had not been pleaded in the brother’s complaint. Under either theory, Alabama law indicates that the circuit court’s granting the motion in limine was not reversible error.
In Super Valu Stores, Inc. v. Peterson, 506 So.2d 317 (Ala.1987), the Alabama Supreme Court affirmed a trial court’s exclusion of an expert witness’s rebuttal testimony, even in the absence of prejudice to the opposing party, because the witness had not been identified “ ‘as soon as the need [became] reasonably apparent’ ” as the trial court’s pretrial order required. 506 So.2d at 338. In answer to the argument made by the party offering the witness’s testimony that “a pre-trial order is not intended to prevent the full admissibility of otherwise admissible evidence when no prejudice to the opposing party is shown,” the supreme coui’t stated:
“The entire purpose of the pre-trial order is to ‘control the subsequent course of the action.’ Rule 16, Ala. R. Civ. P. Such control necessarily extends to limitations on expert witnesses, which are expressly contemplated by Rule 16. The refusal to permit expert witnesses to testify because of a party’s failure to comply with the pre-trial order is clearly a matter of discretion, not subject to reversal. Electrolux Motor AB v. Chancellor, 486 So.2d 414 (Ala.1986).”

Id.

The brother acknowledges that his complaint did not specifically mention forgery. He maintains, however, that forgery is a species of fraud. See Fortis Benefits Ins. Co. v. Pinkley, 926 So.2d 981, 988 (Ala.2005), and Life Ins. Co. of Georgia v. Smith, 719 So.2d 797 (Ala.1998). He further contends that because the sister failed to move for a more definite statement of the fraud allegation in his complaint, she waived any argument that his complaint did not allege a fraud that encompassed the forgery of Mr. Guthery’s signature. We reject that argument because the factual underpinning for the fraud that was alleged in the brother’s complaint was that Mr. Guthery had been “coerced and defrauded into executing ... the warranty deed.” Executing a deed means signing the deed, see Black’s Law Dictionary 609 (8th ed.2004) (defining “execute” as “[t]o make (a legal document) valid by signing”). The brother’s fraud allegation on its face, therefore, negated the possibility that the grantor’s signature was not genuine.
The decision to grant or deny a motion in limine rests within the sound discretion of the trial court, and that decision will not be overturned on appeal unless the trial court exceeds the limits of its discretion. Ex paite Jackson, 836 So.2d 979, 985-85 (Ala.2002). We conclude that the circuit court did not exceed the limits of its discretion here.
The judgment of the Morgan Circuit Court is affirmed.
AFFIRMED.
THOMPSON, P.J., and PITTMAN and BRYAN, 33., concur.
MOORE, J., concurs in the result, without writing.

. The sister moved for a continuance when her attorney, Timothy P. Culpepper, withdrew from representing her when it became apparent that he would be a witness at trial. See Rule 3.7, Ala. R. Prof. Cond.