418 F.2d 1246
 Peter MARTELLA
v.
GREAT ATLANTIC & PACIFIC TEA COMPANY and Hunt-Wesson Sales Company, Inc., Division of Hunt Foods and Industries, Inc.
Great Atlantic & Pacific Tea Company, Appellant in No. 17927.
Hunt-Wesson Sales Company, Inc., Appellant in No. 17928.
 No. 17927.
 No. 17928.
 United States Court of Appeals Third Circuit.
 Argued November 4, 1969.
 Decided November 24, 1969.
 
 Joseph Head, Swartz, Campbell & Detweiler, Philadelphia, Pa., for appellants.
 Leonard M. Sagot, Ettinger, Poserina, Silverman, Dubin, Anapol & Sagot, Philadelphia, Pa., for appellee.
 Before MARIS, SEITZ and STAHL, Circuit Judges.
 OPINION OF THE COURT
 PER CURIAM.
 
 
 1
 The defendants below appeal a $5,000 judgment entered against them in a Pennsylvania products liability case tried to the court and based on diversity jurisdiction.
 
 
 2
 The district court found that plaintiff suffered an acute episode of food poisoning as a result of drinking two glasses of tomato juice from a can packed by one defendant and retailed by the other.
 
 
 3
 Defendants first contend that the district court's finding that the plaintiff's illness resulted from the consumption of contaminated tomato juice was clearly erroneous. On the basis of our reading of the evidence we cannot agree. There was ample evidence having the requisite probative value to support the conclusion of the district court.
 
 
 4
 The defendants next object to the use of the testimony of one of plaintiff's experts on the ground that his identity had not been disclosed in the pre-trial memorandum or otherwise until the morning of trial. We think this was a matter to be handled by the district court in the exercise of its discretion and we find no prejudice to the defendants in the admission of the expert's testimony. In any event, there was sufficient evidence without his testimony to support the finding of liability below.
 
 
 5
 Finally, defendants attack the judgment as grossly excessive. While we consider the amount of the judgment given exceedingly generous in the light of the modest special damages, we cannot say that it is so excessive as to warrant interference at the appellate level.
 
 
 6
 The judgment of the district court will be affirmed.