320 So.2d 662

Janice ERWIN, Administratrix of the Estate of Josie Mae Claypool

v.

Michael L. SANDERS et al.

SC 1072.

Supreme Court of Alabama.

Oct. 2, 1975.

White E. Gibson, Jr., Birmingham, for appellees.

———◆———

Traylor, Baker & McGee, Fort Payne, for appellant.

(2). Payne, the expert, was allowed to give his opinion, based on facts which were not in evidence;

(3) It was error to allow the expert to give his opinion of speed, since his opinion was based, at least in part, on the length of skid markers and all of the skid marks were not made before impact;

(4) An accident report should have been admitted for impeachment of the testimony of the expert.

 First, we consider appellant's argument that Payne should not have been permitted to testify since the defendants did not supplement their response to an interrogatory which sought the identity of each person expected to testify as an expert. Rule 26(e)(1), (2), ARCP. That rule provides:

"(e) *Supplementation of Responses.* A party who has responded to a request for discovery with a response that was complete when made is under no duty to supplement his response to include information thereafter acquired, except as follows:

. "(1) A party is under a duty seasonably to supplement his response with respect to any question directly addressed to (A) the identity and location of persons having knowledge of discoverable matters, and (B) the identity of each person expected to be called as an expert witness at trial, the subject matter on which he is expected to testify, and the substance of his testimony.

"(2) A party is under a duty seasonably to amend a prior response if he obtains information upon the basis of which (A) he knows that the response was incorrect when made, or (B) he knows that the response though correct when made is no longer true and the circumstances are such that a failure to amend the response is in substance a knowing concealment."

MADDOX, Justice.

The jury returned a verdict for the defendants in a wrongful death action, which arose out of a collision between a car and a tractor-trailer. The speed of the car in which the deceased was riding as a passenger was a critical fact issue in the case.

Plaintiff, on appeal, substantially argues four assignments of error. Plaintiff says:

(1) The testimony of defendant's expert, Andrew Payne, was admitted erroneously because Payne's name had not been listed in the original or a supplemental response of the defendants to one of plaintiff's interrogatories which asked for the names of all experts who would testify;

Plaintiff had asked, by interrogatory, what expert witnesses defendants would use. Defendants served an answer on March 4, 1974, naming one Henry G. Robinson. Plaintiff took Robinson's deposition. The case was set for trial on Monday, March 18, 1974. On the Thursday prior to trial, while taking a deposition of a trial witness in Fort Payne, plaintiff's counsel told opposing counsel that he was "considering getting an expert from Atlanta to testify." On Friday night, March 15, defendant's counsel first asked witness Payne, of Birmingham, to testify as an expert for the defense. Payne agreed.

At the call of the docket at 9:00 a. m. on Monday, March 18, defense counsel told counsel for plaintiff that Payne would testify. The case was assigned to Judge Windham on Tuesday at 10:30 a. m.

Plaintiff first objected to the use of witness Payne *two and one-half days after the start of the trial*, on grounds that Payne's name was not revealed to plaintiff's counsel in interrogatories, and that counsel had not had sufficient time to examine Payne to prepare for cross-examination.

Plaintiff claims "surprise" and contends that the exclusion of Payne's testimony would not be too harsh a remedy in this case.

The defendants, in their argument, point out this delay on the part of the plaintiff in objecting to the use of Payne as a witness. They also say that Payne lived in Birmingham and had been in the city from Monday, the 18th, until Thursday, the 21st, when he was called. "Clearly, in the circumstances, plaintiff's attorneys had several feasible courses which they could have followed had they wished," defendants argue. They also say that the plaintiff could have taken Payne's discovery deposition on Monday at any time, announcing their readiness for trial at the call of the docket subject to that discovery. They say:

"This opportunity was available at all times before trial actually began. They could have requested that the case not be assigned by the case clerk to a trial division until they had obtained the deposition. They could have requested that the case be continued to permit them to take the deposition. At any time while the trial was in recess, at noon or in the afternoon on March 19, 20th or 21st, the deposition could have been taken. Counsel could have requested that the trial court adjourn for a sufficient time to permit the taking of Mr. Payne's discovery deposition. For aught appearing they could have secured an expert with whom to rebut his expected testimony at some time during the four days available or during an adjournment or continuance requested. None of these steps were taken. Instead counsel waited until near the end of the testimony and at that point sought to deny the defendant the use of the witness."

In short, defendants say that under the facts of this case, the trial judge did not abuse his discretion in permitting Payne to testify. We agree. It appears there is ample evidence to show that the defendants, faced with the possibility that the plaintiff would have a "live" expert at trial, would also seek, as a matter of trial strategy, to obtain expert testimony. Cf. *Martella v. Great Atlantic & Pacific Tea Co. et al.*, 418 F.2d 1246 (3rd Cir. 1969); *Texas & Pacific Ry. v. Buckles* (5th Cir.) 232 F.2d 257, Cert. den., 351 U.S. 984, 76 S.Ct. 1052, 100 L.Ed. 1498 (1956); *Jackson v. H&S Oil Co., Inc.*, 211 S.E.2d 223 (S.C.1975).

We find no error nor abuse of discretion in permitting the expert witness to testify.

■ Appellant's second argument is that "the trial court erred in allowing an opinion to be drawn from the accident report when it was not put in evidence." We understand appellant's argument to be that defendant's expert based his testimony on facts which were contained in an accident

report, and the report was not in evidence. We have read the hypothetical question and we believe the question did not have the expert assume a state of facts which were not in evidence by testimony of witnesses or by exhibits. We find no error here.

Appellant also claims that the expert's opinion as to speed was based, in part, on testimony about the length of skid marks *after impact*. We do not understand the question to the expert was so hypothesized. As we understand the hypothetical question in the instant case, only the length of the skid marks leading up to the point of impact, not any beyond that point, were incorporated in the question put to Payne. It was hypothesized that the car in which the deceased was riding did travel ten to twelve feet beyond the far side of the trailer after impact, but as we understand the hypothecated facts, skid marks after impact were not mentioned. We find no error here.

██ The final point raised is that the accident report was admissible in connection with the cross-examination of the expert to impeach the testimony of the expert. We cannot agree. While a searching and sifting cross-examination is permitted, we determine that the trial court did not commit error in refusing to allow the admission of the accident report.

In the recent case of *Nettles v. Bishop,* 289 Ala. 100, 266 So.2d 260 (1972), this Court considered a legal question very similar to the one presented here. In *Nettles,* the plaintiff had sought damages for the death of his minor son, killed when his automobile collided with a tractor-trailer. There, this Court held:

"Contrary to the general rule, the trial court admitted in evidence, over plaintiff's objection, the Alabama State Trooper's accident investigation report. This admission occurred after the plaintiff's witness, Mr. Snyder, who qualified as a reconstruction expert, testified that in forming his opinion as to what happened when the collision took place, he considered the facts appearing in the officer's report. Defendant contended the report was admissible in connection with testimony of Mr. Snyder.

"Such admission was attended with the court's oral instruction to the jury that they should consider only facts—physical facts—appearing in the report.

"The court further admonished the jury:

" ' * * * There are also opinions in the report, opinions from state troopers, what they think, or what they speculated on. That is not evidence in the case. Don't consider that part of this report. * * *'

"We think that such instructions did not justify the court in admitting the report. It imposed on the jury the duty of casting about in the report, to sift the answers, and to determine therefrom which statement was a fact and which was an opinion. The line of demarcation between facts and an opinion is often quite thin and nebulous, leading to confusion and doubt. Admission of the report was error to reverse."

We find no error in the trial court's refusal to admit the accident report into evidence.

The judgment of the trial court is due to be affirmed.

Affirmed.

HEFLIN, C. J., and MERRILL, JONES and SHORES, JJ., concur.