The plaintiff, S.A., appeals a summary judgment entered in favor of Dr. John Prescott and Thomasville Hospital. She alleges that at 5 to 6 months into a pregnancy she consulted Dr. Prescott about performing an elective abortion on her. According to her, he agreed; however, she contends that she was never informed by Dr. Prescott or the hospital of the potential risks involved in having an abortion and that, had she been so informed, she would not have consented to the procedure. She alleges that during the elective abortion procedure she began hemorrhaging and that another operation was thereafter performed to stop the bleeding. Eventually, she alleged, when the bleeding did not cease, she was flown to the University of South Alabama Hospital (USA), where she says a hysterectomy was ultimately performed.
The defendants offer a different version of the facts. They contend that S.A. presented herself at the hospital with vaginal bleeding and was in the process of an incomplete abortion. The medical records indicate that portions of the placenta and a fetal leg were already in S.A.'s vagina at the time it was determined that a dilation and curretage procedure (D C) should be performed. During the procedure, according to the hospital and the doctor, S.A. began to hemorrhage and a second procedure was done to try to stop the hemorrhaging, and after several transfusions of blood she was flown to USA hospital. According to the hospital and the doctor, S.A. signed consent forms for the *Page 2 
dilation and curretage, as well as for the second procedure done to attempt to stop the bleeding. Those consent forms were in S.A.'s medical file.[1]
In support of their motions for summary judgment, Dr. Prescott and Thomasville Hospital offered Dr. Prescott's affidavit stating that he had not breached the standard of care with regard to S.A. His affidavit was accompanied by hospital records detailing the events preceding her D C. The hospital records coincide with Dr. Prescott's and the hospital's version of the facts. Although Rudolph v. Lindsay, 626 So.2d 1278, 1281
(Ala. 1993), states that the unsupported assertion that "I did not breach the standard of care" will not shift the burden of proof to the plaintiff, in this case, Dr. Prescott's affidavit was accompanied by hospital records sufficient to shift the burden of proof to S.A. to offer evidence creating a genuine issue of material fact and indicating that the defendants were not entitled to a judgment as a matter of law. See Terry v.City of Decatur, 601 So.2d 949 (Ala. 1992). S.A. offered her own affidavit; however, she offered no expert testimony as to the breach of the standard of care.
S.A. was allowed an extension in order to find an expert to support her contention that Dr. Prescott and Thomasville Hospital had breached the standard of care. She failed to do so. Although she did offer the deposition testimony of a doctor, that doctor, when asked about informing patients of the potential risks of surgery, stated, "I can't say what is normal among the medical community." In addition, the doctor stated that the hospital records shown to him did not describe an elective abortion as asserted by the plaintiff but, rather, described an incomplete abortion as asserted by the defendants. The trial judge found the deposition offered by S.A. insufficient to withstand a motion for summary judgment, and this Court agrees.
Therefore, the judgment of the trial court is hereby affirmed.
AFFIRMED.
HOUSTON, KENNEDY and INGRAM, JJ., concur.
ALMON and SHORES, JJ., concur specially.
MADDOX and STEAGALL, JJ., concur in the result.
[1] S.A. states that she did not sign the forms until the procedure was well under way and problems arose. She alleges that a nurse came to her and told her that her signature was required.