A bank sued a debtor to recover the amount due on a promissory note and also sought a writ of seizure to recover the collateral pledged to secure the note. This appeal is from a summary judgment for the bank, in the sum of $84,737.43, which included attorney fees and interest.
Two basic issues are presented: 1) Did the trial court err in refusing to grant the defendant's motion for a continuance of a hearing on a summary judgment motion to allow the defendant to secure opposing affidavits? and 2) Did the trial court otherwise err in entering the summary judgment? We find no error, and affirm.
 FACTS
James W. Griffin executed a promissory note in favor of The American Bank, under the terms of which Griffin agreed to make 11 monthly payments of $1,000 each, and then a final balloon payment of $64,292.67. According to the bank president's affidavit, Griffin made no payments on the note. The bank sued, seeking the amount it claimed was due on the note and also seeking a writ of seizure to gain possession of the collateral pledged to secure payment of the note.[1]
 I
We first address Griffin's argument that the trial court abused its discretion by denying the requested continuance of the hearing on the summary judgment motion. *Page 542 
The record shows that the bank's motion for summary judgment was set for hearing on December 11, 1992, at 10:00 a.m., and that the clerk's office notified the attorneys of record on November 25, 1992. (R. 2.) Griffin filed no affidavits in opposition to the motion for summary judgment before the date of the hearing. Griffin's counsel was present at the hearing and, before the hearing was commenced, she filed a handwritten motion for continuance, which stated the following:
 "1. The attorney in this did not receive the answer and motion for summary judgment until November 28, 1992. The courthouse was closed from November 25, 1992 until November 30, 1992. And request a 10 day extension to file affidavits and other necessary pleading in this cause.
 "2. The Defendant's attorney cannot contact James W. Griffin who is off at work. I have to have his evidence and affidavits to defend his cause.
 "3. The Defendant will file for a motion to remove venue in this cause."
Appellant's brief at 21.[2]
A trial judge has broad discretion to grant or deny a motion for continuance, Wood v. Benedictine Society of Alabama,Inc., 530 So.2d 801, 805 (Ala. 1988), and it is firmly established that continuances are not favored, and therefore the trial court's denial of a motion for continuance will not be reversed unless an abuse of discretion is shown. Selby v.Money, 403 So.2d 218, 220 (Ala. 1981); see Cramton v. AltusBank, 596 So.2d 902 (Ala. 1992). This Court has found such an abuse of discretion in cases where the trial court denied a continuance when the moving party has failed to provide the opposing party with the information it requested and which was necessary for the opposing party to defend against the motion for summary judgment. See Latimer v. Enterprise Hospital,505 So.2d 375 (Ala. 1987); Noble v. McManus, 504 So.2d 248 (Ala. 1987); Perry v. Mobile County, 497 So.2d 829 (Ala. 1986). The procedure for preserving the right to such a continuance is outlined in Rule 56(f), Ala.R.Civ.P.:
 "(f) When evidentiary matter is unavailable. If a party opposing the motion shows by affidavit that he or she cannot, for reasons stated in the affidavit, present facts essential to justify a statement in opposition, the court may deny the motion for summary judgment or may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or may make such other order as is just."[3]
A typical situation for the application of Rule 56(f) is where the opposing party cannot present by affidavits facts essential to justify his opposition because knowledge of those facts is exclusively with, or largely under the control of, the moving party. In such a situation the opposing party should present an affidavit showing that the knowledge or control of the facts is exclusively or largely with the moving party and describing any attempts to obtain those facts. See, 6 Moore's Federal Practice, part 2, ¶ 56.24. No such affidavit was timely presented in this case.
This Court has not applied Rule 56(f) strictly, and it has found an abuse of discretion where such an affidavit has not been tendered. In Oliver v. Townsend, 534 So.2d 1038, 1042
(Ala. 1988), a majority of this Court held that an attorney's signature on a brief satisfied the affidavit requirement of Rule 56(f) "because the attorney is an officer of the court."Oliver involved a medical malpractice action in which Dr. Blake, one of the defendants, filed a motion for summary *Page 543 
judgment. On the day of the hearing, the plaintiff filed a motion in opposition to the summary judgment motion and attached an unsigned affidavit in support of the motion. At the hearing, seven days was granted for the parties to file briefs. In the brief that followed, the plaintiff's attorney noted that "[t]he plaintiff, has, however, made an offer of proof to the Court that the signed affidavit is on its way."Oliver, 534 So.2d at 1040. A signed and notarized copy of the affidavit was included in the record, and it was the same affidavit that was filed unsigned at the hearing. We find that the facts in Oliver are not similar to those here.
The defendant's attorney did not submit, in any form, an affidavit with the motion for continuance as required by Ala.R.Civ.P. 56(f). The attorney's motion for continuance states that she needed evidence from the defendant in order to oppose the motion for summary judgment. The undisputed facts here show that the plaintiff filed the original complaint on June 17, 1992, and that the defendant filed a counterclaim for $1,000,000 on September 22, 1992, two months before the motion for summary judgment was filed on November 24, 1992. Notice of the summary judgment hearing was sent to the attorneys in this case on November 25, 1992. By the attorney's own admission, she received a copy of the motion for summary judgment on November 28, 1992. We conclude, based on these facts, that the attorney had adequate notification of the hearing; see Rule 56(c)(2), Ala.R.Civ.P. Consequently, we conclude that the denial of the continuance was not an abuse of discretion.
 II
Griffin next contends that, aside from his arguments about the denial of the continuance, the record does not support the summary judgment in favor of the plaintiff. A summary judgment is proper if the evidence, viewed in a light most favorable to the nonmoving party, presents no genuine issue of material fact and the moving party is entitled to a judgment as a matter of law. Rule 56, Ala.R.Civ.P.Gallups v. Cotter, 534 So.2d 585 (Ala. 1988). If there is "substantial evidence" supporting the allegations made by the nonmoving party and creating a genuine issue of material fact, then a summary judgment is not proper. § 12-21-12, Ala. Code 1975.
Because Griffin filed no evidentiary material in opposition to the motion for summary judgment, there was no evidence to contradict that presented by the plaintiff. When the nonmovant offers no evidence to contradict that presented by the movant, the movant's evidence is treated by the trial court as uncontroverted. Golden Gulf, Inc. v. AmSouth Bank,N.A., 565 So.2d 114 (Ala. 1990).
The uncontroverted evidence entitled the bank to a judgment as a matter of law.[4] See Rule 56. All pending motions are denied, and the summary judgment is affirmed.
MOTIONS DENIED; AFFIRMED.
HORNSBY, C.J., and SHORES, HOUSTON and KENNEDY, JJ., concur.
[1] The trial court issued a writ of seizure for 45 brood cows and calves, and the writ was executed with a return showing that only 11 cows and 10 calves were seized. Griffin filed a counterclaim, in which he alleged that "the cattle were seized with acts of insults, malice, and cruelty which inflicted physical injury and death to some of the animals." (R. 25.) Griffin claimed $1,000,000 in damages for physical and mental pain and anguish. The trial court entered a summary judgment for the plaintiff on all pleadings that had been filed in this cause. (R. 39.)
[2] No copy of the motion for continuance was in the record submitted to this Court, but the copy in the appellant's brief is stamped as "filed" in the clerk's office, and the fact that the motion for continuance was filed is not disputed.
[3] Rule 56(f) was amended to read this way effective August 1, 1992. When the summary judgment motion in this case was under consideration Rule 56(f) read as follows:
 "(f) When Affidavits Are Unavailable. Should it appear from the affidavits of a party opposing the motion that he cannot for reasons stated present by affidavit facts essential to justify his opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or may make such other order as is just."
[4] The evidence before the trial court was presented through the affidavit and the testimony of the president of The American Bank, H. G. Hayes, Jr. A copy of the promissory note was attached to the affidavit. At no time did Griffin offer a defense to the promissory note, although he did state, in a post-judgment motion to set aside the summary judgment, "that he has a good defense to the suit." (R. 40.)