SEE, Justice.
 

 Randal L. Hands appeals from summary judgments entered by the Madison Circuit Court in favor of the Health Care Authority of the City of Huntsville d/b/a Huntsville Hospital (“Huntsville Hospital”) and Dr. Norman Solliday. We affirm.
 

 Facts and Procedural History
 

 On February 10, 2005, Harris was admitted to Huntsville Hospital after he lost consciousness at his home. Dr. Solliday diagnosed Harris with possible delirium tremens
 
 [1]
 
 and prescribed and administered Ativan, a mild tranquilizer and antianxiety medicine, as treatment for Harris’s medical condition. Harris became increasingly agitated and restless under the administration of Ativan. Dr. Solliday increased the dosage of Ativan in order to sedate Harris and transferred him to the intensive care unit, where he was intubated for airway protection. Harris was subsequently placed in soft restraints to prevent him from interfering with his treatment or from removing his breathing tube.
 

 Three days after Hams was admitted to Huntsville Hospital, Harris’s medication was changed from Ativan to Diprivan. Harris responded positively to the Dipri-van. Several days after Harris’s medical condition had improved, he was extubated and the soft restraints were removed. Harris was discharged nine days after he was first admitted to Huntsville Hospital. After his discharge, Harris complained of residual numbness in his right hand. Harris was subsequently examined by Dr. Lynn Boyer, who diagnosed Harris as suffering from a severe nerve injury to the forearm and biceps of his right arm.
 

 On February 22, 2006, Harris sued Huntsville Hospital and various fictitiously named defendants pursuant to the Alabama Medical Liability Act, § 6-5-480
 
 et seq.,
 
 Ala.Code 1975, and the Medical Liability Act of 1987, § 6-5-540
 
 et seq.,
 
 Ala. Code 1975, alleging that he had sustained severe nerve injury to his right arm because Huntsville Hospital had breached the applicable medical standard of care by failing to monitor Harris’s condition while he was restrained.
 

 Huntsville Hospital answered the complaint, and the trial court set the case for a
 
 *471
 
 scheduling conference. At Harris’s request, the scheduling conference was continued until November 20, 2006. At the scheduling conference, the trial court set the case for trial on December 20, 2007, and issued an order specifying certain dates for the completion of discovery and for the disclosure of expert witnesses. That order required Harris to disclose any expert witnesses by April 16, 2007, and Huntsville Hospital was required to disclose its expert witnesses by July 31, 2007. The trial court’s order also instructed the parties to submit their witness and exhibit lists 30 days before trial.
 

 On February 12, 2007, Harris amended his complaint to add Dr. Solliday as a defendant. One month later Dr. Solliday answered Harris’s amended complaint and served Harris with interrogatories and requests for production. Specifically, Dr. Solliday requested that Harris identify all expert witnesses Harris intended to call at trail. Harris did not respond to Dr. Solli-day’s discovery requests and, on June 6, Dr. Solliday moved the trial court to compel Harris to respond. Two days later, the trial court granted Dr. Solliday’s motion to compel and ordered Harris to respond to Dr. Solliday’s discovery requests within 20 days. Harris failed to respond within 20 days and failed to comply with the trial court’s scheduling order to disclose by April 16, 2007, the identity of the expert witnesses he intended to call at trial.
 

 On July 31, Huntsville Hospital moved for a summary judgment. In support of its motion for a summary judgment, Huntsville Hospital attached the affidavit of Chasity Killen, a nurse who had administered medical care to Harris while he was being treated at Huntsville Hospital. Nurse Killen testified that the nursing staff at Huntsville Hospital had, at all times, met the applicable standard of care in treating Harris. Over two weeks later, Dr. Solliday moved for a summary judgment and supported that motion with his own affidavit, in which he testified that he too had, at all times, met the applicable standard of care in rendering medical treatment to Harris. The trial court scheduled both summary-judgment motions for a hearing on September 19.
 

 On September 18, Harris moved the trial court pursuant to Rule 56(f), Ala. R. Civ. P.,
 
 [2]
 
 to deny both summary-judgment motions or, in the alternative, to continue the hearing on the motions. Harris argued in his motion that the testimony of Dr. Richard Berryman was essential to his opposition of the summary-judgment motions. Harris included in his motion the affidavit of his attorney, in which the attorney stated that Harris was unable to obtain Dr. Berryman’s testimony because Dr. Berry-man was then undergoing chemotherapy treatment. Harris did not, however, move the trial court to amend its scheduling order. The following day Huntsville Hospital and Dr. Solliday responded to Harris’s motion, and the trial court conducted the scheduled hearing on the summary-judgment motions.
 

 The day after the hearing, Hams filed a brief responding to Huntsville Hospital’s and Dr. Solliday’s motions for summary judgments and in opposition to Harris’s request for a continuance. In support of his brief, Harris attached the affidavits of
 
 *472
 
 Mary Seales, R.N.,
 
 [3]
 
 and Dr. Boyer. Huntsville Hospital moved the trial court to strike both affidavits, arguing that the affidavits were submitted after the deadline established in the trial court’s scheduling order and after the trial court had already held a hearing on the summary-judgment motions.
 

 The trial court granted Huntsville Hospital’s motion to strike the affidavits of Nurse Seales and Dr. Boyer and entered a summary judgment in favor of Huntsville Hospital. The trial court also entered a summary judgment in favor of Dr. Solli-day, finding that Harris had not produced substantial evidence to rebut Dr. Solliday’s showing that he had met the applicable standard of care in treating Harris. In this same order, the trial court denied Harris’s motion to deny or to continue the hearing on the summary-judgment motions of Huntsville Hospital and Dr. Solli-day.
 

 Harris appealed and filed a statement of proceedings pursuant to Rule 10(d), Ala. R.App. P.'
 
 [4]
 
 Harris attached to his statement of proceedings an affidavit executed by Dr. Berryman. Dr. Solliday moved the trial court to strike Harris’s statement of proceedings on the ground that the trial court did not hear ore tenus evidence at the hearing on the summary-judgment motions. The trial court granted Dr. Sol-liday’s motion, finding that Harris’s statement of proceedings, including Dr. Berry-man’s affidavit, was not properly before the court. Harris now appeals.
 

 Standard of Review
 

 “ ‘We review the
 
 trial
 
 court’s grant or denial of a summary judgment motion
 
 de novo.’ Smith v. State Farm Mut. Auto. Ins. Co.,
 
 952 So.2d 342, 346 (Ala.2006) (citing
 
 Bockman v. WCH, L.L.C.,
 
 943 So.2d 789 (Ala.2006)). A summary judgment is proper if there is no genuine issue of material fact and the moving party is entitled to a judgment as a matter of law. Rule 56(c)(3), Ala. R. Civ. P. If the movant meets this initial burden, the burden then shifts to the nonmovant to present ‘substantial evidence’ of a genuine issue of material fact.
 
 Ex parte Alfa Mut. Gen. Ins. Co.,
 
 742 So.2d 182, 184 (Ala.1999). Substantial evidence is ‘evidence of such weight and quality that fair-minded persons in the exercise of impartial judgment can reasonably infer the existence of the fact sought to be proved.’
 
 West v. Founders Life Assurance Co. of Florida,
 
 547 So.2d 870, 871 (Ala.1989);" see also § 12-21-12(d), Ala.Code 1975. In determining whether a genuine issue of material fact exists, this Court views the evidence in the light most favorable to the nonmov-ant and resolves all reasonable doubts in favor of the nonmovant.
 
 Jones v. BP Oil Co.,
 
 632 So.2d 435, 436 (Ala.1993). ‘The trial court’s ruling on a question of law carries no presumption of correctness, and this Court reviews de novo the trial court’s conclusion as to the appropriate legal standard to be applied.’
 
 Dunlap v. Regions Fin. Corp.,
 
 983 So.2d 374, 377 (Ala.2007) (citing
 
 Ex parte Graham,
 
 702 So.2d 1215, 1221 (Ala.1997)).”
 
 *473
 

 McCutchen Co. v. Media Gen., Inc.,
 
 988 So.2d 998, 1001 (Ala.2008). This Court will not reverse a trial court’s decision to grant or to deny a motion for a continuance unless the party challenging the trial court’s ruling demonstrates that the trial court exceeded its discretion.
 
 See Ex parte H.P.W.,
 
 628 So.2d 514, 517 (Ala.1993) (“It is well settled that the disposition of a motion for a continuance is vested in the sound discretion of the trial court and that its ruling will not be disturbed on appeal, except upon a clear showing of abuse of discretion.”). This Court reviews a trial court’s decision to amend or not to amend a pretrial order to determine whether the trial court exceeded its discretion.
 
 Hughes v. Arlando’s Style Shop,
 
 399 So.2d 830, 831 (Ala.1981).
 

 Analysis
 

 Harris argues that the trial court exceeded its discretion by failing to amend its scheduling order and by denying his Rule 56(f), Ala. Civ. P., motion asking the trial court to deny the summary-judgment motions or, in the alternative, to continue the hearing on the motions. He further argues that the trial court erred when it “sanctioned” him by excluding the affidavits of Nurse Seales, Dr. Boyer, and Dr. Berryman and entering summary judgments in favor of Huntsville Hospital and Dr. Solliday.
 

 A. Tibe trial court’s scheduling order
 

 Harris first argues that the trial court exceeded its discretion by not amending its scheduling order to change the date for the disclosure of expert witnesses. Harris argues that the “exclusion of witnesses pursuant to a scheduling order is to prevent a party from being ‘ambushed’ at trial.” Harris’s brief at 1. Harris further contends that strict compliance with a trial court’s scheduling order is not required when the opposing party knows that the noncompliant party intends to call expert witnesses to testify at trial. Huntsville Hospital and Dr. Solliday, however, argue that Harris cannot demonstrate that the trial court exceeded its discretion by not amending its scheduling order because Harris never moved the trial court to do so.
 

 Rule 16(b), Ala. R. Civ. P., provides: “The court may enter a scheduling order that limits the time ... to complete discovery.... Once a scheduling order is issued,
 
 the schedule set thereby shall not be modified except by leave of court upon a showing of good cause.”
 
 (Emphasis added.) Harris is unable to demonstrate that the trial court exceeded its discretion in not amending its scheduling order. In response to the summary-judgment motions, Harris admitted that he “did not file a motion to amend the scheduling order, assuming that it would automatically be amended with the addition of a party .... ” Harris did not seek or obtain, by motion or otherwise, modification of the scheduling order, and he never showed that he had good cause for modification of the order. Harris did not ask the trial court to modify the scheduling order, and this Court will not reverse an order for a trial court’s failing to do what it was not asked to do.
 
 See Barnett v. Estate of Anderson,
 
 966 So.2d 915, 920 (Ala.2007) (“We decline to review an issue ... that was not considered by the trial court.”).
 

 Moreover, none of the caselaw cited by Harris supports his argument that the amendment of a complaint to add a new defendant requires the trial court sua sponte to modify its scheduling order to extend the time for the disclosure of expert witnesses. Harris cites
 
 Mitchell v. Moore,
 
 406 So.2d 347 (Ala.1981), and
 
 Erwin v. Sanders,
 
 294 Ala. 649, 320 So.2d 662 (1975), in support of that argument. In
 
 Mitchell,
 
 this Court held that the trial
 
 *474
 
 court did not exceed its discretion in allowing the plaintiff to call a witness to testify at trial after the plaintiff had not amended her answers to the defendants’ interrogatories to reflect her intention to call the witness. 406 So.2d at 350. This Court stated that the trial court had not exceeded its discretion in concluding that, “under the circumstances, plaintiff had not knowingly concealed the identity of [the witness] in violation of Rule 26(e)[, Ala. R. Civ. P.],” because the plaintiff “originally learned of [the witness’s] identity through answers to interrogatories propounded to defendants.”
 
 Mitchell,
 
 406 So.2d at 350.
 

 In
 
 Erwin,
 
 plaintiffs counsel had indicated that he was considering obtaining an expert witness. Defense counsel then obtained an additional expert witness the weekend before the start of the trial on Monday. He notified the plaintiffs attorney of the newly retained expert witness at the docket call on the morning of the trial. Two and one-half days after the trial began, the plaintiffs attorney objected to the testimony of the recently acquired expert witness, arguing that the plaintiff was prejudiced because defense counsel had failed to supplement the answer to an interrogatory requesting the identity of each person expected to testify as an expert witness, in accordance with Rule 26(e)(1), Ala. R. Civ. P.
 
 [5]
 

 Erwin,
 
 294 Ala. at 652, 320 So.2d at 663. The trial court overruled the plaintiffs objection, and this Court held that the trial court did not exceed its discretion in doing so.
 

 Mitchell
 
 and
 
 Erwin
 
 are inapposite here. Neither case addresses whether a trial court should automatically amend a scheduling order to change the date for the disclosure of expert witnesses when the plaintiff amends a complaint to add a new party as a defendant. Instead, those cases address whether the trial court exceeded its discretion by allowing certain witnesses to testify even though the party calling them had not complied with Rule 26(e)(1), Ala. R. Civ. P., by supplementing their answers to interrogatories to disclose the identities of the witnesses.
 
 Mitchell,
 
 406 So.2d at 350 (“[U]nder the circumstances, plaintiff had not knowingly concealed the identity of [the witness] in violation of Rule 26(e)[, Ala. R. Civ. P.]”, because the plaintiff “originally learned of [the witness’s] identity through answers to interrogatories propounded to defendants.”);
 
 Erwin,
 
 294 Ala. at 652, 320 So.2d at 664 (holding that the trial court did not exceed its discretion in allowing the expert witness to testify, because there was “ample evidence to show that the defendants, faced with the possibility that the plaintiff would have a ‘live’ expert at trial, would also seek, as a matter of trial strategy, to obtain expert testimony”).
 
 [6]
 
 Because the authority Har
 
 *475
 
 ris relies on is inapposite, we conclude that Harris has not demonstrated that he was entitled to have the trial court, sua sponte, amend its scheduling order to alter the date for the disclosure of expert witnesses after Harris amended his complaint to add Dr. Solliday as a defendant.
 

 Moreover,
 
 Erwin
 
 lends support to our holding today. In
 
 Erwin,
 
 this Court concluded that plaintiffs counsel could have pursued several ameliorative alternatives to counter the defense expert’s testimony; those alternatives included announcing the plaintiffs readiness to proceed to trial subject to the plaintiffs deposing the defense’s expert, requesting a continuance, taking the expert’s deposition while the trial was in recess, or requesting that the trial court adjourn for a sufficient time to allow the plaintiff to take the deposition.
 
 Erwin,
 
 294 Ala. at 652, 320 So.2d at 664. Harris never availed himself of such ameliorative alternatives in the trial court. In particular, Harris never asked the trial court to amend its scheduling order to extend the deadline for disclosing the identity of expert witnesses. Because Harris failed to pursue other alternatives, he has not demonstrated that the trial court exceeded its discretion when it did not amend its scheduling order.
 

 B. Harris’s motion for a continuance
 

 Harris argues that the trial court exceeded its discretion in denying Harris’s Rule 56(f), Ala. R. Civ. P., motion to deny the summary-judgment motions or to continue the hearing on those motions. Rule 56(f), Ala. R. Civ. P., provides:
 

 “Should it appear from the affidavits of a party opposing the motion that the party cannot, for reasons stated, present by affidavit facts essential to justify the party’s opposition, the court may deny the motion for summary judgment or may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or may make such other order as is just.”
 

 This Court has stated that “[t]he burden is on the nonmoving party to comply with Rule 56(f)[, Ala. R. Civ. P.], or to otherwise prove that the matter sought by discovery is or may be crucial to the nonmoving party’s case.”
 
 McCullar v. Universal Underwriters Life Ins. Co.,
 
 687 So.2d 156, 162. In
 
 McCullar,
 
 this Court also noted that “a trial judge has broad discretion to grant or to deny a motion for a continuance.” 687 So.2d at 161 (citing
 
 Wood v. Benedictine Soc’y of Alabama, Inc.,
 
 530 So.2d 801, 805 (Ala.1988)).
 

 Harris cites
 
 McGhee v. Martin,
 
 892 So.2d 398, 401 (Ala.Civ.App.2004), for the proposition that a trial court should grant a Rule 56(f) motion “ ‘if the nonmoving party can demonstrate that the outstanding discovery is crucial to his case.’ ” (quoting
 
 Wright v. State,
 
 757 So.2d 457, 459 (Ala.Civ.App.2000)). Harris contends that the trial court exceeded its discretion in denying his Rule 56(f) motion because, Harris says, his motion was accompanied by the supporting affidavit of his attorney indicating that Dr. Berryman’s testimony was necessary to oppose the summary-judgment motions. Hands also alleges that the supporting affidavit stated that Harris needed additional time to obtain Dr. Berryman’s testimony because Dr. Berryman had been out of town and was unable to complete his testimony by affidavit.
 

 Although the affidavit of Harris’s counsel did state why Dr. Berryman’s testimony was necessary to oppose the summary-judgment motions, Harris has not demonstrated that the trial court exceeded its
 
 *476
 
 discretion in denying his Rule 56(f) motion. In
 
 Griffin v. American Bank,
 
 628 So.2d 540 (Ala.1993), this Court addressed a similar situation. In that case, Griffin’s counsel moved the trial court for a Rule 56(f) continuance on the morning of the scheduled hearing on the bank’s summary-judgment motion. The Rule 56(f) motion specifically alleged that counsel had been unable to contact Griffín and that obtaining his evidence and affidavit was necessary “to defend his cause.”
 
 Griffin,
 
 628 So.2d at 542. This Court held that the trial court did not exceed its discretion in denying the last-minute Rule 56(f) motion because Griffin’s attorney had “received a copy of the motion for summary judgment” nearly two weeks before the scheduled hearing and “the attorney had adequate notification of the hearing.”
 
 Griffin,
 
 628 So.2d at 543. This Court further stated that “[a] typical situation for the application of Rule 56(f) is where the opposing party cannot present by affidavits facts essential to justify his opposition because knowledge of those facts is exclusively with, or largely under the control of, the moving party.”
 
 Griffin,
 
 628 So.2d at 542.
 

 Harris’s case is analogous to
 
 Griffin
 
 in several important respects. First, Griffin’s counsel moved the trial court for a continuance the morning of the hearing on the summary-judgment motion, contending that more time was required to obtain Griffin’s affidavit, which counsel said was essential to Griffin’s defense. Similarly, in this case, Harris moved the trial court for a Rule 56(f) continuance the day before the scheduled hearing on the summary-judgment motions and included an affidavit stating that Harris had been unable to procure the affidavit of a witness whose testimony was essential to his defense of the summary-judgment motions. Second, just as Griffin’s counsel had received copies of the summary-judgment motion and had received adequate notice of the hearing, Harris’s attorney received copies of the summary-judgment motions and had over four weeks’ notice of the scheduled hearing. Finally, as was the case in
 
 Griffin,
 
 Harris’s inability to obtain the affidavit testimony of Dr. Berryman is not a “typical situation” calling for the application of Rule 56(f). This is not a situation where Harris “cannot present by affidavits facts essential to justify his opposition because knowledge of those facts is exclusively with, or largely under the control of, the moving party.”
 
 Griffin,
 
 628 So.2d at 542. Harris has not demonstrated that the trial court exceeded its discretion in not granting a continuance or denying the summary-judgment motions based on Harris’s Rule 56(f) motion.
 

 C. The summary judgments
 

 Harris argues that the trial court erred in entering summary judgments because, he says, the summary judgments were improper “sanctions” under Rule 37(b), Ala. R. Civ. P.,
 
 [7]
 
 for his failure to disclose his experts in accordance with the trial court’s scheduling order. Harris contends that the trial court could not sanction him because neither Huntsville Hospital nor Dr. Solliday moved the trial court to compel Harris to disclose the identity of any expert witnesses.
 

 Huntsville Hospital and Dr. Solliday argue that the trial court did not sanction Harris for failing to disclose the identity of any expert witnesses. Instead, Huntsville Hospital and Dr. Solliday argue that the
 
 *477
 
 trial court entered the summary judgments in their favor because Harris failed to produce substantial evidence to demonstrate that a genuine issue of material fact exists. We agree.
 

 Addressing first Harris’s argument that the summary judgments entered by the trial court were improperly imposed sanctions under Rule 37(b), Ala. R. Civ. P., we conclude from reviewing the trial court’s summary-judgment order that the trial court did not enter the summary judgments as a sanction. Rather, the trial court found that Harris had failed to present evidence demonstrating the existence of a genuine issue of material fact. The trial court did not consider the affidavits of Nurse Seales and Dr. Boyer because they were disclosed after the scheduling-order deadline for the disclosure of expert witnesses had passed and a day after the trial court had held a hearing on the summary-judgment motions. Specifically, in entering a summary judgment in favor of Dr. Solliday, the trial court found that there was no genuine issue of material fact because Harris “has presented no qualified expert testimony to support his claims that Dr. Solliday breached the applicable standard of care.” Likewise, the trial court found that a summary judgment in favor of Huntsville Hospital was appropriate because Harris “did not file any evidence in opposition to the motion until September 20, 2007, the day after the Court heard the motion and took it under submission.”
 

 “In a medical-malpractice action, the plaintiff must present expert testimony establishing the appropriate standard of care, the doctor’s deviation from that standard, and ‘a proximate causal connection between the doctor’s act or omission constituting the breach and the injury sustained by the plaintiff.’ ”
 
 Rivard v. University of Alabama Health Servs. Found., P.C.,
 
 835 So.2d 987, 988 (Ala.2002) (quoting
 
 Bradford v. McGee,
 
 534 So.2d 1076, 1079 (Ala.1988)). “If the movant in a medical-malpractice case makes a prima facie showing that there is no genuine issue of material fact, then, as in other civil cases, the burden shifts to the nonmovant to present substantial evidence creating such an issue.”
 
 Cain v. Howorth,
 
 877 So.2d 566, 575 (Ala.2003) (citing
 
 Ex parte Elba Gen. Hosp. & Nursing Home, Inc.,
 
 828 So.2d 308, 311 (Ala.2001)). To demonstrate that a genuine issue of material fact exists in a medical-malpractice action, a nonmovant must present “expert testimony in support of [his] claim.”
 
 Swendsen v. Gross,
 
 530 So.2d 764, 768 (Ala.1988).
 

 In this case, Dr. Solliday supported his summary-judgment motion with his affidavit, in which he testified that he did not breach the applicable standard of care in diagnosing and treating Harris. Huntsville Hospital supported its motion for a summary judgment with the affidavit of Nurse Killen, in which she stated that Huntsville Hospital had adhered to the standard of care in administering medical treatment to Harris. These two affidavits shifted the burden of proof to Harris, requiring him to produce substantial evidence in the form of expert testimony to support his claims that Huntsville Hospital and Dr. Solliday had breached the applicable standard of care in rendering medical care.
 
 See Carraway v. Kurtts,
 
 987 So.2d 512, 515 (Ala.2007) (holding that Dr. Kurtts’s affidavit denying “that he breached the applicable standard of care” constituted “sufficient evidence to shift the burden of proof to [the plaintiff]”);
 
 S.A. v. Thomasville Hosp.,
 
 636 So.2d 1, 2 (Ala.1993) (“Dr. Prescott’s affidavit was accompanied by hospital records sufficient to shift the burden of proof to S.A. to offer evidence creating a genuine issue of material fact and indicating that the defendants
 
 *478
 
 were not entitled to a judgment as a matter of law.”).
 

 The burden shifted to Harris to produce substantial evidence indicating that Huntsville Hospital and Dr. Solliday had breached the applicable standard of care in caring for Harris. Harris failed to present any evidence, let alone substantial evidence, indicating that Huntsville Hospital and Dr. Solliday had breached the standard of care, because Harris did not provide the affidavit testimony of Nurse Sea-les and Dr. Boyer until the day after the trial court held the hearing on the summary-judgment motions. Rule 56(c)(2), Ala. R. Civ. P., provides that “any statement or affidavit in opposition [to a motion for a summary judgment] shall be served at least two (2) days prior to the hearing.” Because Harris did not provide his expert affidavit testimony at least two days before the hearing, he did not carry his burden of providing substantial evidence creating a genuine issue of material fact that Huntsville Hospital and Dr. Solliday had breached the applicable standard of care. Therefore, the trial court properly entered summary judgments in favor of Huntsville Hospital and Dr. Solliday, and Harris’s argument that the trial court entered the summary judgments as a sanction under Rule 37(b), Ala. R. Civ. P., is without merit.
 

 Conclusion
 

 We conclude that Harris has failed to demonstrate that the trial court exceeded its discretion in not amending its scheduling order and in denying Harris’s Rule 56(f) motion. We also conclude that Harris has not demonstrated that the trial court erred in entering summary judgments in favor of Huntsville Hospital and Dr. Solliday. We, therefore, affirm the trial court’s judgments.
 

 AFFIRMED.
 

 LYONS, WOODALL, STUART, SMITH, BOLIN, PARKER, and MURDOCK, JJ., concur.
 

 COBB, C.J., concurs in the result.
 

 [1]
 

 . Delirium tremens is a severe form of alcohol withdrawal that can cause acute physiological and psychological reactions.
 
 See Dor-land's Illustrated Medical Dictionary
 
 469 (29th ed.2000).
 

 [2]
 

 . Rule 56(f), Ala. R. Civ. P., provides:
 

 "Should it appear from the affidavits of a party opposing the motion that the party cannot, for reasons stated, present by affidavit facts essential to justify the party's opposition, the court may deny the motion for summary judgment or may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or may make such other order as is just.”
 

 [3]
 

 . The parties do not state and the record does not indicate whether Nurse Seales was employed by Huntsville Hospital. Harris apparently presented Nurse Seales's affidavit in order to controvert the affidavit testimony of Nurse Killen.
 

 [4]
 

 . Rule 10(d), Ala. R.App. P., provides, in pertinent part:
 

 "If no report of the evidence or proceedings at a hearing or trial was made, or if a transcript is unavailable, the appellant may prepare a statement of the evidence or proceedings from the best available means, including the appellant’s recollection."
 

 [5]
 

 . Rule 26(e)(1), Ala. R. Civ. P., provides, in pertinent part:
 

 “A
 
 party is under a duty seasonably to supplement the response with respect to any question directly addressed to ... the identity of each person expected to be called as an expert witness at trial, the subject matter on which the expert witness is expected to testify, and the substance of the witness's testimony.”
 

 [6]
 

 . The remaining cases cited by Harris are likewise inapposite. See
 
 Edwards v. Valentine,
 
 926 So.2d 315, 330 (Ala.2005) (holding that the trial court did not exceed its discretion in allowing the plaintiff's expert witness to testify about Valentine’s loss of earning capacity when that portion of the testimony did not differ from the conclusions in the expert witness's report that had been disclosed to the defendants months before trial);
 
 Coastal Lumber Co. v. Johnson,
 
 669 So.2d 803,
 
 811
 
 (Ala.1995) (''[T]he admission of testimony from witnesses whose identity may not have been disclosed in accordance with properly conducted pretrial discovery procedure is within the trial court's sound discretion.”);
 
 Cone Builders, Inc. v. Kulesus,
 
 585 So.2d 1284 (Ala.1991) (holding that the trial judge did not exceed his discretion in admitting the testimo
 
 *475
 
 ny of the plaintiff’s expert witness when Cone Builders failed to adequately use the discovery process to discover the nature of the expert's testimony).
 

 [7]
 

 . Rule 37(b)(2), Ala. R. Civ. P., provides, in pertinent part:
 

 “If a party ... fails to obey an order to provide or permit discovery, ... the court in which the action is pending may make such orders in regard to the failure as are just ...."