SHAW, Justice (dissenting).
I respectfully dissent. It is not clear to me that Mitchell's Contracting Service, LLC ("Mitchell"), the defendant below, demonstrated that the trial court exceeded its discretion in refusing to grant Mitchell's motion for a new trial.
It appears undisputed that Robert Guy Gleason, Sr., the plaintiff below, failed to properly supplement his interrogatory responses and to identify Agee Smith as an eyewitness to the accident. There is no dispute that Gleason had the opportunity to do so, although it appears that Smith was not discovered by Gleason until two months before trial and after the interrogatory responses and certain supplemental responses had been completed.
However, Smith's name was disclosed on Gleason's witness list filed some six weeks before trial. Mitchell subsequently deposed some of the witnesses on that list, but Smith was not deposed and it is not stated whether any actions were taken by Mitchell to discover the substance of Smith's proposed testimony.[8]
After five witnesses had testified at trial, Mitchell moved the trial court to continue the trial or to declare a mistrial. After the motion was denied, Mitchell had the opportunity to cross-examine Smith.
In the motion for a new trial, Mitchell pointed out Gleason's failure to supplement his interrogatory responses and to disclose Smith as a witness to the accident. Mitchell asserted that, had Smith's status as an eyewitness been disclosed, Mitchell would have deposed him. Mitchell claimed that it had been denied the opportunity to depose Smith or to conduct further investigation to rebut his testimony.
Certainly, it is preferable that a party be able to depose an opposing witness before trial, and a deposition better prepares a party to address that witness's subsequent trial testimony. However, Mitchell did not explain what such additional discovery could reveal in this case or what portion of Smith's testimony additional discovery could have rebutted or called into question. Further, Mitchell did have the opportunity to depose Smith before trial, although, admittedly, because of Gleason's failures, Mitchell was not made aware of how important that deposition might be.
*1167 " '[W]e have consistently recognized that the admission of testimony from witnesses whose identity may not have been disclosed in accordance with properly conducted pretrial discovery procedure is within the trial court's sound discretion.' Coastal Lumber Co. [v. Johnson,] 669 So.2d [803,] at 811 [ (Ala. 1995) ] (emphasis added). 'Absent palpable abuse of that discretion, the trial court's decision will not be disturbed on appeal.' Id. See also Crane v. Rush, 577 So.2d 851 (Ala. 1991) ; Erwin v. Sanders, 294 Ala. 649, 320 So.2d 662 (1975)."
Edwards v. Valentine, 926 So.2d 315, 330 (Ala. 2005).
In Erwin v. Sanders, 294 Ala. 649, 320 So.2d 662 (1975), this Court held that the trial court did not exceed its discretion in allowing an expert witness to testify despite the fact that the expert had not been disclosed by supplementing interrogatory responses asking for the identity of any experts. In that case, notice of the witness was given on the day of trial. See also generally Crane v. Rush, 577 So.2d 851 (1991). Although I question the decision in Erwin, in the instant case, unlike in Erwin, Smith's existence as a witness, albeit not the substance of his testimony, was disclosed. Given that Smith was identified as a witness six weeks before trial; that, after Smith's designation, Mitchell apparently did not attempt to depose him or otherwise discover the nature of his testimony; and that Mitchell did not demonstrate how it was prejudiced, I do not believe that the trial court exceeded its considerable discretion in denying Mitchell's motion for a new trial.
Bolin and Main, JJ., concur.

There was some indication that Smith had been contacted by Mitchell's insurer's claim-investigation service, but there is no evidence substantiating or disproving this.